IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11, Subchapter V |
| | : | |
| NEW WAY MACHINE COMPONENTS, INC. | : | Case No. 24-11362(AMC) |
| t/a NEW WAY AIR BEARINGS | : | |
| | : | |
| **Debtor** | : | |
| | : | |

**DEBTOR'S MOTION FOR THE SCHEDULING
OF AN EXPEDITED HEARING ON "FIRST DAY" MOTIONS**

New Way Machine Components, Inc. t/a New Way Air Bearings (the "Debtor"), by and through its proposed counsel, Karalis PC, hereby moves this Court for entry of an Order scheduling an expedited hearing on various "First Day" Motions (the "Motion"), and in support thereof, aver as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M) and (O).

2. Venue is proper in this Court pursuant to 18 U.S.C. § 1409(a).

**BACKGROUND**

3. On April 22, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under subchapter V of Title 11, United States Code (the "Bankruptcy Code").

4. Since the Petition Date, the Debtor has remained in possession of its assets and continued management of its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. A description of the Debtor's business and the facts precipitating the filing of its Chapter 11 proceeding is set forth in the Declaration of Andrew J. Devitt in Support of Chapter 11

Petition and First Day Motions. Those facts, to the extent relevant, are incorporated herein by reference.

6. On the Petition Date, the Debtor filed the following motions (collectively, the "<u>First Day Motions</u>"):

    a. Motion of Debtor for an Order Pursuant to 11 U.S.C. § 363(c) and Fed. R. Bankr. P. 4001 Authorizing Debtor to Use Cash Collateral and Provide Adequate Protection;

    b. Motion of Debtor for an Order (A) Authorizing the Debtor to Pay Certain Pre-Petition (I) Wages, Salaries, and Other Compensation and (II) Reimbursable Employee Expenses; (B) Confirming that the Debtor may Continue Pre-Petition Employee Programs in the Ordinary Course of Business; and (C) Directing Banks and Other Financial Institutions to Honor all Related Checks and Electronic Payment Requests;

    c. Motion of Debtor for Entry of an Order Providing Utility Companies with Adequate Assurance of Payment Pursuant to 11 U.S.C. § 366; and

    d. Motion of Debtor for an Order Authorizing and Approving Maintenance and Use of Existing Bank Accounts and Use of Existing Books, Records, and Business Forms.

## **RELIEF REQUESTED AND BASIS THEREFOR**

7. Each of the First Day Motions relates to a time critical aspect of the Debtor's business which will result in irreparable harm to the Debtor, its estate and others if the relief requested therein is not granted on an expedited basis, or a related matter necessary for the efficient administration of this chapter 11 case.

8. The Debtor employs fifty-two (52) employees which are paid on a bi-weekly basis. In order for the business to continue to operate and pay its operating expenses as they come due, it requires the immediate use of cash collateral.

9. If the Debtor cannot obtain the relief requested in the First Day Motions in a timely fashion, it will be unable to pay its employees or obtain the necessary supplies, possibly forcing

the Debtor to cease operations and resulting in a loss of its revenue.

10. The Debtor will lose revenue if it cannot purchase supplies to fulfill its customer orders as needed. The Debtor requires an immediate hearing to at minimum authorize the use of cash collateral for the expenditures required for product and operating expenses.

11. In addition, the next payroll is paid to employees on May 2, 2024, but the Debtor's bank account is charged by the payroll company the prior day (May 1, 2024). As such, the Debtor requests a prompt hearing on authority to pay its pre-petition wages and use of cash collateral as soon as possible.

12. Maintaining the Debtor's business as a going concern is vital to preserving the value of the Debtor's estate for creditors and other parties in interest and the relief requested in the First Day Motions is necessary to do so.

13. Consequently, the Debtor requests a hearing on the First Day Motions **on or before Friday, April 26, 2024, to authorize the purchase of materials and supplies required to fill sales, the payment of necessary operating expenses and payroll as they come due**.

14. Upon the entry of an Order granting the instant Motion (the "Expedited Order"), proposed counsel to the Debtor is prepared to serve (i) this Motion, (ii) the Expedited Order, (iii) Notice of Date of Expedited Hearing, Matters that will be heard at the Expedited Hearing and How to Respond (in the form attached hereto as Exhibit "A" and made a part hereof), (iii) the First Day Motions, and (iv) the Declaration of Andrew J. Devitt in Support of First Day Motions via e-mail, facsimile transmission, Federal Express or overnight mail upon: (i) the Office of the United States Trustee, (ii) all other parties affected by the Motions (by serving their counsel if known), and (iii) the Debtor's twenty (20) largest unsecured creditors.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting the Motion and for such other relief as the Court deems just and appropriate under the circumstances.

                        **Respectfully submitted,**

                        **KARALIS PC**

By:    /s/ Aris J. Karalis
       ARIS J. KARALIS
       ROBERT W. SEITZER
       ROBERT M. GREENBAUM
       1900 Spruce Street
       Philadelphia, PA 19103
       (215) 546-4500
       akaralis@karalislaw.com
       rseitzer@karalislaw.com
       rgreenbaum@karalislaw.com

       *Proposed Attorneys for the Debtor*

Dated: April 22, 2023