**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11, Subchapter V** |
| | : | |
| **NEW WAY MACHINE COMPONENTS, INC.** | : | **Case No. 24-11362(AMC)** |
| **t/a NEW WAY AIR BEARINGS** | : | |
| | : | |
| **Debtor** | : | |
| | : | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) SCHEDULING A HEARING ON PLAN CONFIRMATION AND APPROVING THE FORM AND MANNER OF NOTICE, (II) APPROVING PLAN SOLICITATION AND VOTING PROCEDURES, (III) APPROVING FORMS OF BALLOTS, (IV) APPROVING FORM, MANNER, AND SCOPE OF CONFIRMATION NOTICES, (V) ESTABLISHING CERTAIN DEADLINES IN CONNECTION WITH CONFIRMATION OF THE PLAN, AND (VI) GRANTING RELATED RELIEF**

New Way Machine Components, Inc. t/a New Way Air Bearings (the "Debtor"), as debtor and debtor-in-possession in the above captioned chapter 11 case, by and through its counsel, Karalis PC, submits this motion (this "Motion"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Solicitation Procedures Order"), pursuant to sections 105(a), 502, 1122, 1123, 1124, 1126, 1128, 1181 and 1190 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002, 3003, 3016, 3017(d), 3017.2, 3018(a), 3018(c), 3020, and 9006, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-1, and 3017.1-1, of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules"), granting the following relief and such other relief as is just and proper:

- ***Solicitation Procedures.*** Establishing procedures for the solicitation and tabulation of votes on the Plan (the "Solicitation Procedures"), substantially in the form attached to the Solicitation Procedures Order as **Exhibit 1**, including finding that the Solicitation Packages (as defined below) that will be sent to holders of Claims entitled to vote on the Plan comply with Bankruptcy Rules 3017(d) and 2002(b);

- ***Ballots.*** Approving the forms of ballots for Claims in Classes 2, 3 and 5 (the "Ballots"), substantially in the forms attached to the Solicitation Procedures Order as **Exhibits 2-1, 2-2 and 2-3** and;

- ***Confirmation Hearing Notices.*** Approving the form, manner, and scope of (a) notice of the hearing to consider confirmation of the Plan (the "Confirmation Hearing Notice" and the "Confirmation Hearing," respectively), substantially in the form attached to the Solicitation Procedures Order as **Exhibit 3**, (b) notice to applicable holders of Claims that are unclassified under the Plan or that are Unimpaired and conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code (the "Non-Voting Status Notice"), substantially in the form attached to the Solicitation Procedures Order as **Exhibit 4**, (e) notice of the Debtor's plan supplement (the "Plan Supplement Notice"), substantially in the form attached to the Solicitation Procedures Order as **Exhibit 5**, and, together with the Confirmation Hearing Notice, the Non-Voting Status Notice, and the Plan Supplement Notice, (the "Confirmation Notices");

- ***Cover Letter.*** Approving the form of a cover letter (the "Cover Letter") describing the contents of the Solicitation Package and instructions to obtain access, free of charge, to the Plan, and urging holders of Claims in the Voting Classes to vote to accept the Plan, substantially in the form attached to the Solicitation Procedures Order as **Exhibit 6**; and

- ***Confirmation Timeline.*** Establishing the following dates and deadlines in connection with the foregoing, subject to modification as necessary:[1]

(a) ***Voting Record Date.*** **[●], 2024** as the record date for purposes of determining which holders of Claims are entitled to vote on the Plan (the "Voting Record Date");

(b) ***Solicitation Date.*** **[●], 2024** as the deadline for distributing Solicitation Packages (as defined below) or as soon as reasonably practicable thereafter, to the holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Date");

(c) ***Voting Resolution Motion Deadline.*** **[●], 2024** as the date by which a holder of a Disputed Claim must file a Rule 3018(a) Motion (as defined below) for an order temporarily allowing a Disputed Claim in order for such holder's Ballot to be counted (the "Voting Resolution Motion Deadline");

(d) ***Plan Supplement Deadline.*** **[●], 2024** as the date by which the Debtor must file the Plan Supplement, if any, in accordance with the terms of the Plan (the "Plan Supplement Deadline");

---

[1] Unless otherwise stated, all times referenced in this Motion refer to Eastern Time. Certain of the proposed dates may be subject to the Court's availability.

(e) ***Voting Resolution Objection Deadline.*** **[●], 2024** as the date by which an objection to a Rule 3018(a) Motion must be filed (the "Voting Resolution Objection Deadline");

(f) ***Voting Resolution Event Deadline.*** **[●], 2024** as the date by which the Court must enter an order temporarily allowing a Disputed Claim contested by such holder pursuant to a timely Rule 3018(a) Motion, in order for such holder's Ballot to be counted (the "Voting Resolution Event Deadline");

(g) ***Voting Deadline.*** **[●], 2024 at 4:00 p.m. (Eastern Time)** as the deadline by which **all** Ballots must be properly executed, completed, and delivered so that they are actually received by Debtor's counsel (the "Voting Deadline");

(h) ***Plan Objection Deadline.*** **[●], 2024 at 4:00 p.m. (Eastern Time)** as the deadline by which objections to the Plan must be filed with the Court and served so as to be actually received by the appropriate notice parties (the "Plan Objection Deadline");

(i) ***Voting Report Deadline.*** **[●], 2024** as the date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court;

(j) ***Deadline to File Confirmation Briefs and Replies.*** **[●], 2024** as the date by which the Debtor or and any other parties in interest shall file their briefs and/or responses to Plan Objections in support of confirmation of the Plan; and

(k) ***Confirmation Hearing.*** **[●], 2024 at [●] (Eastern Time)** as the date and time for the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing").

1. In connection with the relief requested in this Motion, the Debtor has attached the following Exhibits hereto:

- Exhibit A Proposed Solicitation Procedures Order
- Exhibit 1 Solicitation Procedures
- Exhibit 2-1 Class 2 Ballot
- Exhibit 2-2 Class 3 Ballot
- Exhibit 2-3 Class 5 Ballot
- Exhibit 3 Confirmation Hearing Notice
- Exhibit 4 Non-Voting Status Notice
- Exhibit 5 Plan Supplement Notice
- Exhibit 6 Cover Letter

**JURISDICTION AND VENUE**

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other bases for the relief requested in this Motion are sections 105(a), 502, 1122, 1123, 1126, 1128, 1181 and 1190 of the Bankruptcy Code, and Bankruptcy Rules 2002, 3003, 3016, 3017(d), 3017.2, 3018(c), 3020, and 9006.

**BACKGROUND**

4. The Debtor commenced this case on April 22, 2024 (the "Petition Date"), and it continues to operate its business and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. A description of the Debtor's business and the facts precipitating the filing of its Chapter 11 proceeding (the "Chapter 11 Case") is set forth in the Declaration of Andrew J. Devitt in Support of First Day Motions [D.I. 18]. Those facts, to the extent relevant, are incorporated herein by reference.

6. On April 23, 2024, Holly S. Miller was appointed as the Subchapter V Trustee. Other than the Subchapter V Trustee, no trustee, examiner, or committee has been appointed in this Chapter 11 Case.

7. On May 20, 2024 the Debtor filed its schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs [D.I. 60] (collectively and as may be modified, amended, or supplemented from time to time, the "Schedules").

8. On May 23, 2024, the Court entered an order (the "Bar Date Order") [D.I. 63]

establishing certain deadlines and procedures associated with the filing of Proofs of Claim in the Chapter 11 Case. Pursuant to the Bar Date Order, the Court established June 21, 2024 as the deadline by which General Proofs of Claim must be filed against the Debtor, and October 21, 2024 as the Governmental Bar Date.

**THE PLAN**

8. Contemporaneously herewith, the Debtor filed *the Small Business Debtor Plan of Reorganization Proposed by the Debtor and Debtor-in-Possession* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan").[2] The Debtor believes that confirmation of the Plan will maximize the value for the benefit of all stakeholders while fairly and equitably addressing the Claims asserted against the Debtor's estate.

9. As described in more detail in the Plan, the Plan provides for a process by which the Debtor can emerge from this Chapter 11 Case as a Reorganized Debtor.[3]

10. In accordance with section 1123(a)(1) of the Bankruptcy Code, the Plan designates categories of Claims that are entitled to receive Distributions under the Plan though not classified. These categories of Claims are: (i) Administrative Expense Claims (including Professional Fee Claims and Subchapter V Trustee Fees), and (ii) Priority Tax Claims (collectively, the "Unclassified Claims").

11. In addition to the Unclassified Claims, the Plan designates three (3) classes of Claims and one (1) class of Equity Interests under the Bankruptcy Code. Under the Plan, claims

[2] Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to such terms in the Plan.

[3] The description of the Plan set forth herein is intended only as a summary. Nothing contained in this summary description modifies the Plan, and references should only be made to the Plan itself for the precise terms thereof, the terms of which control in the event of any inconsistency between the summary included herein and the Plan.

are treated generally in accordance with the priorities established under the Bankruptcy Code. Claims that have priority status under the Bankruptcy Code or that are secured by valid liens on collateral are to be paid in full or otherwise treated as provided in the Plan. The Plan further contemplates that holders of Allowed Administrative Expense Claims will receive cash in the full amount of such Allowed Administrative Expense Claims on (i) the Effective Date, or (ii) following the date upon which such administrative expense claim becomes an Allowed Administrative Expense Claim.

12. In accordance with section 1122 of the Bankruptcy Code, the Plan classifies holders of Claims and Equity Interests into the following Classes for all purposes, including with respect to voting to accept or reject the Plan. The following chart represents the Classes of Claims and Interests under the Plan:

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Secured Claim of PNC Bank, N.A. | Impaired | Entitled to Vote |
| 3 | General Unsecured Claims | Impaired | Entitled to Vote |
| 4 | Equity Interests in Debtor | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 5 | Subordinated Claims | Impaired | Entitled to Vote |

11. Based on the foregoing (and as discussed in greater detail herein), the Debtor is proposing to solicit votes to accept or reject the Plan from Holders of Claims in Classes 2, 3 and 5 (the "Voting Classes"). The Debtor is not proposing to solicit votes from holders of Claims or Interests in Class 1 and 4 (collectively, the "Non-Voting Classes"). More specifically, the holders of Claims and Interests in Classes 1 and 4 are Unimpaired (the "Unimpaired Non-Voting Classes") and are therefore presumed to accept the Plan.

## BASIS FOR RELIEF

### I. Approval of Solicitation Procedures Order and Form and Manner of Notice of Hearing Thereon

12. The Debtor has elected to proceed pursuant to Subchapter V as a small business debtor. Accordingly, the Bankruptcy Code does not require the preparation or filing of a disclosure statement unless ordered by the Court for cause. See 11 U.S.C. § 1181 ("Unless the court for cause orders otherwise … section 1125 of this title do[es] not apply in a case under this subchapter."). Here, no party has sought and the Court has not ordered the filing of a disclosure statement. Instead, the Plan will contain sufficient information for all creditors, interest holders and parties in interest to analyze the treatment of their claims and interest and determine whether to vote for or against the Plan.

13. Bankruptcy Rule 3017.2 provides that in Subchapter V cases where a disclosure statement is not required to be filed the Court shall:

> (a) fix a time within which the holders of claims and interests may accept or reject the plan;
>
> (b) fix a date on which an equity security holder or creditor whose claim is based on a security must be the holder of record of the security in order to be eligible to accept or reject the plan;
>
> (c) fix a date for the hearing on confirmation; and
>
> (d) fix a date for transmitting the plan, notice of the time within which the holders of claims and interests may accept or reject it, and notice of the date for the hearing on confirmation.

## II. Approval of Solicitation Procedures[4]

16. The Debtor respectfully requests that the Court approve the Solicitation Procedures and authorize the solicitation and tabulation of votes on the Plan from the holders of Claims entitled to vote on the Plan in accordance with such Solicitation Procedures. A summary of the key dates that the Debtor seeks to establish by the Solicitation Procedures Order are as follows (the "Confirmation Schedule"):[5]

| | **Proposed Timetable** |
|---|---|
| Voting Record Date | [●], 2024 |
| Deadline to Distribute Solicitation Packages | [●], 2024 |
| Rule 3018(a) Motion Deadline | [●], 2024 |
| Deadline to File Plan Supplement (if any) | [●], 2024 |
| Deadline to Respond to the Rule 3018(a) Motion | [●], 2024 |
| Voting Deadline | [●], 2024 at 4:00 p.m. (Eastern Time) |
| Hearing Date for any Rule 3018(a) Motion filed - Voting Resolution Event Deadline | [●], 2024 at 12:30 p.m. (Eastern Time) |
| Plan Objection Deadline | [●], 2024 at 4:00 p.m. (Eastern Time) |
| Voting Report Deadline | [●], 2024 |
| Confirmation Briefs/Plan Reply Deadline | [●], 2024 |
| Confirmation Hearing | [●], 2024 at__:__ _.m. (Eastern Time) |

17. While the Debtor is seeking approval of the Solicitation Procedures in their entirety pursuant to this Motion, an overview of certain salient features of the Solicitation

[4] The description of the Solicitation Procedures set forth herein is intended only as a summary. Nothing in this summary description modifies the Solicitation Procedures, and reference should only be made to the Solicitation Procedures themselves for the precise terms thereof, which terms control in the event of any inconsistency between the summary included herein and the Solicitation Procedures.

[5] All dates to be set by the Court at the hearing on this Motion.

Procedures is provided below, including: (a) the proposed contents of the Solicitation Packages (as defined below), and (b) the proposed Voting Deadline.

**A. Approval of Solicitation Packages**

18. Section 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d) require a plan proponent to mail copies of the plan, the disclosure statement (where applicable), and a notice regarding the deadlines for voting on the plan to all creditors and equity security holders of the Debtor. Consistent with such requirements, the Debtor, acting through Debtor's counsel, proposes to solicit acceptances of the Plan by disseminating the materials set forth below (collectively, the "Solicitation Package") on or before [date to be determined at time of hearing], or as soon as reasonably practicable thereafter (the "Solicitation Date"), to the holders of Claims in the Voting Classes. The following materials will constitute the Solicitation Package:

a. the Cover Letter describing the contents of the Solicitation Package and urging holders of Claims in the Voting Classes to vote to accept the Plan;

b. the Confirmation Hearing Notice;

c. the Solicitation Procedures Order without exhibits;

d. an appropriate form of Ballot with return instructions and a return envelope, as applicable; and

e. any other materials ordered by the Court to be included as part of the Solicitation Package.

19. The Debtor will distribute Solicitation Packages by first class mail, postage prepaid to (a) the U.S. Trustee, (b) the SEC, (c) the 2002 List, and (d) all other holders of Claims in the Voting Classes (the "Solicitation Parties").[6]

[6] Notwithstanding anything herein to the contrary, the Debtor is requesting that neither it, nor Debtor's counsel, be required to mail a Solicitation Package to any Person or Entity from which the notice of this Motion or other mailed

**B. Approval of the Voting Deadline**

24. Bankruptcy Rule 3017.2 provides that, "the court shall fix a time within which holders of claims and interests may accept or reject the plan." The Debtor will use its reasonable efforts to distribute, or cause to be distributed, the Solicitation Packages through the Debtor's counsel no later than [date to be determined at time of hearing], or as soon as reasonably practicable thereafter. Based on this schedule, the Debtor proposes that the Court set [date to be determined at time of hearing] (the "Voting Deadline") as the deadline by which Debtor's counsel must actually receive completed Ballots from holders of Claims in the Voting Classes or their counsel. The Solicitation Procedures provide that, to be counted, completed Ballots must be returned to and actually received by Debtor's counsel on or before the Voting Deadline by (1) mail, (2) overnight delivery, or (3) personal delivery.

25. Any Ballot submitted by facsimile transmission or electronic means will not be counted. As the Debtor will serve the Solicitation Packages on or before [date to be determined at time of hearing], or as soon as reasonably practicable thereafter, the proposed Voting Deadline should be approved as it provides holders of Claims in the Voting Classes sufficient time within which to review the Solicitation Packages, cast votes to accept or reject the Plan, and deliver those votes to Debtor's counsel.

**C. Temporary Claim Voting Procedures**

26. The Debtor proposes that, solely for the purpose of voting to accept or reject the Plan and not for purposes of the allowance of, or distribution on account of, a Claim, the

---

notice in the Chapter 11 Case is or has been returned as undeliverable by the postal service, unless Debtor's counsel is provided with an accurate address for such Person or Entity before the Solicitation Date. Similarly, to avoid duplication and reduce expenses, the Debtor will make reasonable efforts to ensure that any holder of a Claim that has filed duplicative Claims against the Debtor that is classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

following hierarchy be used to determine the amount of the Claim associated with each claimant's vote:

a. the Claim amount (i) settled or agreed upon by the Debtor, as memorialized in a document filed with the Bankruptcy Court, (ii) set forth in an order of the Bankruptcy Court or (iii) set forth in a document executed by the Debtor pursuant to authority granted by the Bankruptcy Court;

b. if subsection (a) does not apply, the Claim amount allowed (temporarily or otherwise) pursuant to a Resolution Event (as defined in Section III.C.5 of the Solicitation Procedures);

c. if neither of subsections (a)–(b) apply, the Claim amount asserted in a Proof of Claim that has been timely filed (or deemed timely filed by the Bankruptcy Court under applicable law) and filed in good faith (in the reasonable discretion of the Debtor), except for any amounts that have been paid or asserted on account of any interest accrued after the Petition Date; *provided*, that any Ballot submitted by a holder of a Claim who timely filed a Proof of Claim in respect of (i) a contingent Claim, whether liquidated or unliquidated, or a Claim in a wholly-unliquidated, unknown or undetermined amount (based on a reasonable review by the Debtor) that is not the subject of an objection shall count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the amount requirement of section 1126(c) of the Bankruptcy Code, and (ii) with respect to a non-contingent, partially liquidated and partially unliquidated Claim, such Claim shall be allowed for voting purposes only in the liquidated amount; *provided*, *further*, that if the Debtor determines in its reasonable discretion that the Proof of Claim contains any amount that was not asserted in good faith (a "Contested Claim"), the Claim amount listed in the Schedules, if any, shall be used for voting purposes only and to resolve such disagreement, such holder shall be deemed to consent to the amendment of its Proof of Claim to the Claim amount listed in the Schedules, if any, for voting purposes only and no further action shall be required by the Debtor or holder; *provided*, *further*, that if the Debtor determines that any Proof of Claim is a Contested Claim (in the Debtor's reasonable discretion), and the Claim is not listed in the Schedules, the Debtor shall contact the holder of the Contested Claim to consensually agree upon a Claim amount for voting purposes only, which agreed amount shall not require notice or consent of the Court; *provided*, *further*, that if no agreement is reached regarding the amount of the Contested Claim for voting purposes only, the Debtor may file an objection to the Contested Claim and treat such Contested Claim as a Disputed Claim in accordance with Section III.C of the Solicitation Procedures;

d. if none of subsections (a)–(c) apply (or in the case of a Contested Claim as specified in subsection (c)), the Claim amount listed in the Schedules (to the extent such Claim has not been superseded by a timely filed Proof of Claim); *provided*

that such Claim is not scheduled as contingent, disputed, or unliquidated and has not been paid; *provided*, *further*, that a Claim that is listed in the Schedules as contingent, unliquidated, or disputed and for which a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline is not entitled to vote; and

e. if none of subsections (a)–(d) apply, such Claim shall be disallowed for voting purposes.

27. Generally, only holders of claims allowed under section 502 of the Bankruptcy Code are entitled to vote to accept or reject a plan of reorganization. *See* 11 U.S.C. § 1126(a) ("The holder of a claim or interest allowed under section 502 of this title may accept or reject a plan."). Claims that are (a) listed on the Schedules as contingent, unliquidated, or disputed, (b) specified in Proofs of Claim in an unliquidated or a zero-dollar amount or as contingent or disputed, or (c) the subject of pending objections are not allowed claims under section 502(a) of the Bankruptcy Code. However, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow [any] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."

28. The Debtor submits that these voting procedures are appropriate and reasonable under the circumstances of the Chapter 11 Case and should be approved.

**D. Approval of Other Aspects of the Solicitation Procedures**

29. Debtor's counsel will tabulate the votes to accept or reject the Plan based on the Ballots actually received by the Voting Deadline. The Solicitation Procedures specify certain circumstances in which a vote reflected on a Ballot will not be counted. Those circumstances include, without limitation: (i) a Ballot submitted by a person who does not hold, or represent a person that holds, a Claim in the applicable Voting Class as of the Voting Record Date; (ii) a Ballot received after the Voting Deadline, unless the Debtor has granted an extension in writing (including email) with respect to such Ballot; (iii) a Ballot delivered by facsimile transmission,

email, or any other means not specifically listed in the Solicitation Procedures, unless the Debtor has granted an exception in writing (including email) with respect to such Ballot; (iv) a Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (v) a Ballot that is submitted in an inappropriate form; (vi) a Ballot sent to a person other than Debtor's counsel; (vii) a Ballot that is unsigned; and (viii) a Ballot without a vote on the Plan or in which the claimant has voted to both accept and reject the Plan.

30. The Solicitation Procedures further provide general voting procedures and standard assumptions that the Debtor's counsel will use in tabulating the Ballots. Among other things, Debtor's counsel has the discretion, but not the obligation, to contact voters to cure defects in the Ballots, and the Debtor reserves the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot. If a holder of a Claim casts inconsistent Ballots that are received by Debtor's counsel on the same day, such Ballots will not be counted. If multiple Ballots are timely received from or on behalf of a holder of a single Claim, the Solicitation Procedures provide that the last properly executed Ballot timely received by Debtor's counsel that satisfies the voting and tabulation procedures set forth in the Solicitation Procedures will be the Ballot that is counted, and shall supersede and revoke any prior Ballot received. If multiple Ballots are received directly from the holder of a Claim and from a purported attorney or agent for such holder prior to the Voting Deadline, the Ballot received directly from the holder shall be the Ballot that is counted. A Ballot that partially rejects and partially accepts the Plan may not be counted.

31. The Debtor submits that the procedures described above and set forth more fully in the Solicitation Procedures are reasonable under the circumstances of this Chapter 11 Case and should be approved.

## III. Approval of Form of Ballots

32. Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot, which substantially conforms to Official Form 314, to "creditors and interest holders entitled to vote on the plan." The Debtor proposes to distribute to holders of Claims in the Voting Classes that are otherwise eligible to vote, the Ballots substantially in the form attached hereto as **Exhibits 2-1, 2-2, and 2-3**. The forms of Ballots are based on Official Form B 314, but have been modified to address the particular aspects of this Chapter 11 Case and to include certain information and instructions relevant to each Voting Class.

33. For solicitation and tabulation purposes, (a) one Ballot will be provided to PNC, the holder of the Class 2 Secured Claim of PNC, (b) one Ballot will be provided to each holder of a General Unsecured Claim in Class 3 and (c) one Ballot will be provided to each holder of a Subordinated Claim in Class 5.

34. The Ballots will be distributed to holders of Claims in the Voting Classes in accordance with the Solicitation Procedures and as set forth herein. Accordingly, the Debtor submits that the proposed forms of Ballots substantially comply with Bankruptcy Rule 3017(d), the particular circumstances of the Chapter 11 Case, and should be approved.

## IV. Approval of Form, Manner, and Scope of Confirmation Hearing Notice

36. Bankruptcy Rule 3017.2 provides that "the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." In accordance with Bankruptcy Rule 3017(c), and in light of the Debtor's proposed solicitation schedule outlined below, the Debtor proposes that [date to be determined at time of hearing] at [●] (Eastern Time), or the nearest date thereafter that is convenient for the Court, be fixed by the Court as the date for the Confirmation Hearing. Such date will provide the Debtor sufficient time to solicit votes on the Plan in accordance with the Solicitation Procedures and to

notify the required parties of the Confirmation Hearing and the opportunity to submit objections to the Plan, if any, before the Confirmation Hearing. The Debtor also requests that the Court order that the Confirmation Hearing may be continued from time to time by the Debtor without further notice to creditors or any other parties in interest.

**A. Confirmation Hearing Notice**

37. Bankruptcy Rule 3017(d) requires a plan proponent to send to all creditors and interest holders a notice regarding the deadlines for voting on the plan. Bankruptcy Rule 2002(b) requires 28 days' notice of any hearing to consider confirmation of a plan of reorganization. Bankruptcy Rule 3020(b)(1) further provides that objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1). In accordance with these Bankruptcy Rules, the Confirmation Hearing Notice will include: (a) instructions as to how to electronically view or obtain copies of the Plan, the Solicitation Procedures Order, and all other materials in the Solicitation Package (excluding the Ballots) from the Court's website via PACER or by contacting Debtor's counsel; (b) the date and time fixed for submitting votes on the Plan; (c) notice of the Voting Deadline; (d) notice of the Plan Objection Deadline; (e) the notice of the Plan Supplement Deadline; and (f) the notice of the Confirmation Hearing. As noted above, the Solicitation Packages will include the Confirmation Hearing Notice and will be distributed on or before [date to be determined at time of hearing]. Thus, parties will have well in excess of the required 28 days' notice of the proposed Confirmation Hearing date and Plan Objection Deadline (as defined below) required by Bankruptcy Rule 2002(b). Accordingly, the Confirmation Hearing Notice should be considered adequate notice under Bankruptcy Rules 2002 and 3017(d).

**B. Notices of Non-Voting Status**

38. Bankruptcy Rule 3017(d) permits a bankruptcy court to waive the requirement that a debtor's plan be mailed to unimpaired classes. In lieu thereof, a bankruptcy court may order that "notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan may be obtained upon request," as well as "notice of the time fixed for filing objections to and the hearing on confirmation" be mailed to such classes. Fed. R. Bankr. P. 3017(d). As discussed above, the Non-Voting Classes are not entitled to vote on the Plan. As a result, they will not receive Solicitation Packages. In lieu of solicitation materials, the Debtor proposes to provide the following to holders of Claims and Interests in the Non-Voting Classes:

***a. Unimpaired Classes—Conclusively Presumed to Accept.*** Holders of Claims in Class 1 and Interests in Class 4 are Unimpaired under the Plan and, therefore, are presumed to have accepted the Plan. Accordingly, the Debtor proposes to send the Non-Voting Status Notice, substantially in the form attached to the Solicitation Procedures Order as **Exhibit 4**, to each holder of a Claim or Interest in the Unimpaired Classes.

***b. Unclassified Claims.*** The Debtor also proposes to send the Non-Voting Status Notice to each holder of an Administrative Expense Claim, a Professional Fee Claim, a Subchapter V Trustee Fee Claim, and a Priority Tax Claim which are unclassified under the Plan (collectively, the "Unclassified Claims").

39. The Non-Voting Status Notice will include, among other things: (a) instructions regarding how to obtain access to the Plan via PACER or by requesting copies from Debtor's counsel, (b) notice of the Plan Objection Deadline, (c) notice of the Confirmation Hearing date, and (d) information related thereto. The Debtor believes that the mailing of the Non-Voting Status Notice in lieu of the Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d). Accordingly, unless the Court orders otherwise, the Debtor does not intend to distribute Solicitation Packages to holders of Claims and Interests in the Non-Voting Classes.

**C. Plan Supplement Notice**

40. The Plan defines "Plan Supplement" to mean the compilation of documents and forms of documents, agreements, schedules, exhibits, and annexes to the Plan, which the Debtor shall file no later than seven (7) days before the Voting Deadline, unless otherwise ordered by the Court, and additional documents filed with the Court before the Effective Date as amendments, modifications or supplements to the Plan Supplement. If filed, the Plan Supplement shall be served only on those parties that have requested notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002 and any party in interest who requests in writing a copy from counsel to the Debtor.

41. To ensure that all parties on the 2002 List receive notice of the Debtor's filing of the Plan Supplement, the Debtor proposes to send the Plan Supplement Notice, substantially in the form attached to the Solicitation Procedures Order as **Exhibit 5**, on the date the Debtor files the Plan Supplement, or as soon as practicable thereafter. Because of the voluminous nature of the Plan Supplement, the Debtor will not physically serve the Plan Supplement and its exhibits. Notwithstanding the foregoing, the Debtor is requesting that it be permitted to amend the documents contained in, and exhibits to, the Plan Supplement through the Effective Date solely in accordance with the Plan.

42. Accordingly, the Court should approve the form and scope of the Confirmation Notices discussed herein, as well as the manner of providing such notices, pursuant to Bankruptcy Rules 2002 and 9008.

43. The Debtor also requests authorization to make non-substantive changes to the Plan, the Confirmation Hearing Notice, the Solicitation Packages, Ballots, Cover Letter, Solicitation Procedures, Confirmation Notices, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make

conforming changes to the Plan, and any other materials in the Solicitation Packages before distribution.

## NOTICE

44. Concurrent with the filing of this Motion, the notice of this Motion, Response Deadline and Hearing Date ("Hearing Notice") is being provided by electronic and/or first class mail, to the following parties: (i) the U.S. Trustee; (ii) the Subchapter V Trustee, (iii) counsel for the PNC Bank; (iv) persons or entities or their counsel that have filed Proofs of Claim in the Chapter 11 Case; (v) all Persons or Entities or their counsel listed in the Schedules as holding liquidated, non-contingent, and undisputed Claims; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested herein, no other or further notice need be given.

45. The Debtor is also serving concurrent with the filing of this Motion, a copy of the Hearing Notice, together with the Plan, on (a) the U.S. Trustee, (b) the Subchapter V Trustee, (c) the Securities and Exchange Commission (the "SEC"), and (d) those parties that have requested notice pursuant to Bankruptcy Rule 2002 (the "2002 List").

46. The Debtor submits that no further notice is required.

## CONCLUSION

WHEREFORE, the Debtor respectfully request that the Court enter the Solicitation Procedures Order, substantially in the form attached hereto as **Exhibit A**, granting the relief

requested in this Motion and such other and any further relief as the Court may deem just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Aris J. Karalis
ARIS J. KARALIS
ROBERT W. SEITZER
ROBERT M. GREENBAUM
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
Attorneys for the Debtor

Dated: July 18, 2024

**LIST OF EXHIBITS**

| | |
|---|---|
| Exhibit A | Proposed Solicitation Procedures Order |
| Exhibit 1 | Solicitation Procedures |
| Exhibit 2-1 | Class 2 Ballot |
| Exhibit 2-2 | Class 3 Ballot |
| Exhibit 2-3 | Class 5 Ballot |
| Exhibit 3 | Confirmation Hearing Notice |
| Exhibit 4 | Non-Voting Status Notice |
| Exhibit 5 | Plan Supplement Notice |
| Exhibit 6 | Cover Letter |