# Exhibit "A"

## Proposed Solicitation Procedures Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11, Subchapter V** |
| | : | |
| **NEW WAY MACHINE COMPONENTS, INC.** | : | **Case No. 24-11362(AMC)** |
| **t/a NEW WAY AIR BEARINGS** | : | |
| | : | |
| **Debtor** | : | |
| | : | |

**ORDER (I) SCHEDULING A HEARING ON PLAN CONFIRMATION AND APPROVING THE FORM AND MANNER OF NOTICE, (II) APPROVING PLAN SOLICITATION AND VOTING PROCEDURES, (III) APPROVING FORMS OF BALLOTS, (IV) APPROVING FORM, MANNER, AND SCOPE OF CONFIRMATION NOTICES, (V) ESTABLISHING CERTAIN DEADLINES IN CONNECTION WITH CONFIRMATION OF THE PLAN, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the Debtor for entry of an order (this "Solicitation Procedures Order"), pursuant to sections 105(a), 502, 1122, 1123, 1124, 1126, 1128, 1181 and 1190 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, 3020, 9006, and 9008, and Local Rules 2002-1, 3017-1, and 9006-1, (i) Scheduling a Hearing on Plan Confirmation and Approving the Form and Manner of Notice, (ii) Approving Plan Solicitation and Voting Procedures, (iii) Approving Forms of Ballots, (iv) Approving Form, Manner, and Scope of Confirmation Notices, (v) Establishing Certain Deadlines in Connection with Confirmation of the Plan, and (vi) Granting Related Relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having

[1] Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to such terms in the Motion, or the Small Business Debtor Plan of Reorganization proposed by the Debtor and the Debtor-in-Possession [D.I. [●]] (the "Plan"), as applicable.

been given and no other or further notice being necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The Solicitation Procedures attached hereto as **Exhibit 1** provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

B. The contents of the Solicitation Packages and other notices, as set forth in the Motion and the Solicitation Procedures, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties of the Record Date, the Voting Deadline, the Plan Objection Deadline, the Confirmation Hearing, the Plan, the procedures described to solicit votes to accept or reject the Plan, and related matters to all interested parties.

C. The forms of Ballots, substantially in the forms attached hereto as **Exhibits 2-1, 2-2** and **2-3**, including all instructions provided therein, (i) are sufficiently consistent with Official Form No. 314 to be approved, (ii) adequately address the particular needs of this Chapter 11 Case, and (iii) are appropriate for the Voting Classes of Claims entitled to vote to accept or reject the Plan. No further information or instructions are necessary.

D. Pursuant to the Plan, the holders of Claims in Class 2 (Secured Claim of PNC Bank, N.A.), Class 3 (General Unsecured Claims) and Class 5 (Subordinated Claims) are impaired and entitled to receive distributions under the Plan. Accordingly, holders of Claims in Classes 2, 3 and 5 are entitled to vote on account of such Claims.

E. Ballots need not be provided to holders of Claims in the Non-Voting Classes (Class 1). Class 1 is Unimpaired and is conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code.

F. Ballots need not be provided to holders of Interests in the Non-Voting Class 4. Class 4 is Unimpaired and is conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code.

G. The form of Non-Voting Status Notice, substantially in the form attached hereto as **Exhibit 4**, complies with Bankruptcy Rule 3017(d) and, together with the Confirmation Hearing Notice, provide adequate notice to the holders of Claims and Interests in the Non-Voting Classes (or other holders of Claims or Interests that are otherwise deemed not entitled to vote to accept or reject the Plan) of their non-voting status. No further notice is deemed necessary or required.

H. The period during which the Debtor may solicit votes on the Plan is a reasonable and adequate period of time for holders of Claims entitled to vote on the Plan to make an informed decision to accept or reject the Plan, and to timely return Ballots evidencing such decision.

I. The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 3**, provides good and sufficient notice of the Plan, the Confirmation Hearing, and the opportunity to vote on and object to the Plan, complies with Bankruptcy Rules 2002 and 3017, and satisfies the requirements of due process with respect to all known and unknown creditors.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is GRANTED as set forth herein.

**Plan Confirmation Schedule**

2. The following dates and deadlines in connection with the Solicitation Procedures and Confirmation Hearing are APPROVED:

| Event | Date |
|---|---|
| Voting Record Date | [●], 2024 |
| Deadline to Distribute Solicitation Packages | [●], 2024 |
| Rule 3018(a) Motion Deadline | [●], 2024 |
| Plan Supplement Deadline | [●], 2024 |
| Deadline to Respond to the Rule 3018(a) Motion | [●], 2024 |
| Voting Deadline | [●], 2024 at 4:00 p.m. (Eastern Time) |
| Hearing Date for any Rule 3018(a) Motion filed - Voting Resolution Event Deadline | [●], 2024 at 12:30 p.m. (Eastern Time) |
| Plan Objection Deadline | [●], 2024 at 4:00 p.m. (Eastern Time) |
| Voting Report Deadline | [●], 2024 |
| Confirmation Briefs/Plan Reply Deadline | [●], 2024 |
| Confirmation Hearing | [●], 2024 at [●]:[●] [●].m. (Eastern Time) |

3. The Confirmation Hearing shall be held on [●], **2024, at [●]:[●] [●].m. (Eastern Time)** at the Bankruptcy Court, located at 900 Market Street, Courtroom 4, Philadelphia, PA 19107**;** *provided, however,* that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtor without further notice to parties other than an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest, unless such notice is required by the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

**<u>Distribution of Solicitation Packages</u>**

4. The proposed distribution and contents of the Solicitation Packages, which shall include the following (whether by paper copy or USB Flash Drive), are APPROVED:

(a) the Cover Letter describing the contents of the Solicitation Package and urging holders of Claims in the Voting Classes to vote to accept the Plan;

(b) this Solicitation Procedures Order, without exhibits;

(c) the Plan with all exhibits (to the extent such exhibits are filed with the Court before the Solicitation Date);

(d) the Confirmation Hearing Notice;

(e) an appropriate form of Ballot with return instructions and a return pre-addressed envelope; and

(f) any other materials ordered by the Court to be included as part of the Solicitation Package.

5. The Debtor shall distribute the Solicitation Packages and Ballots by mail to all holders of Claims in the Voting Classes; provided, however, that if a holder of a Claim, or his agent, or his attorney, filed a Proof of Claim in this Chapter 11 Case that designates in Section 3 of said Proof of Claim where notices should be sent, the Solicitation Packages and Ballots shall be mailed only to said address which, notwithstanding anything else herein, shall constitute adequate notice.

6. The Debtor is not required to distribute paper copies of the Plan, and the Solicitation Procedures Order to a holder of a Claim or Interest who is not in a Voting Class, unless a holder of a Claim or Interest makes a specific request for copies of such documents (which shall be free of charge) to Debtor's counsel by: (a) calling Debtor's counsel's office at 215-546-4500 or (b) emailing jhysley@karalislaw.com, or (c) writing to Aris J. Karalis, Esquire, Karalis PC, 1900 Spruce Street, Philadelphia, PA 19103. The Cover Letter included in the Solicitation Package and attached to this Solicitation Procedures Order as **Exhibit 6** is hereby approved.

7. The Debtor shall also distribute via email the Solicitation Packages without Ballots to (a) the U.S. Trustee, (b) the SEC, and (c) the 2002 List.

8. Karalis PC ("Debtor's Counsel") is authorized to assist the Debtor in (a) distributing the Solicitation Packages, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by holders of Claims, (c) responding to inquiries from holders of Claims and Interests and

other parties in interest relating to the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors regarding the Plan.

9. The Debtor and Debtor's Counsel shall not be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of the Motion or other mailed notice in this Chapter 11 Case was returned as undeliverable by the postal service, unless the Debtor's Counsel is provided with accurate addresses for such persons or entities before the Solicitation Date, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such persons or entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d).

10. The Debtor shall serve by email or mail the Confirmation Hearing Notice and Non-Voting Status Notice to the Non-Voting Classes and to the holders of Unclassified Claims. The Debtor shall not be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to the holders of Claims in the Non-Voting Classes or holders of Unclassified Claims, unless otherwise requested through the process set forth in the Non-Voting Status Notice.

**<u>Solicitation Procedures</u>**

11. The Debtor is authorized to solicit, receive, and tabulate votes to accept or reject the Plan in accordance with the Solicitation Procedures attached hereto as **<u>Exhibit 1</u>**, which are hereby APPROVED in their entirety.

12. The forms of Ballots attached hereto as **Exhibits 2-1, 2-2 and 2-3** are APPROVED in all respects.

13. Except as otherwise provided in the Solicitation Procedures, each holder of a Claim who timely filed a Proof of Claim in respect of (i) a contingent Claim, whether liquidated or unliquidated, or a Claim in a wholly-unliquidated, unknown or undetermined amount (based on a reasonable review by the Debtor) that is not the subject of an objection and which has not been fixed by an order of the Bankruptcy Court (or other court of competent jurisdiction), or a settlement entered prior to the Voting Deadline, shall be classified as a contingent and unliquidated Claim in accordance with the Solicitation Procedures and shall have a single vote in the amount, for voting purposes only, of $1.00 in the aggregate per claimant solely for the purposes of voting to accept or reject the Plan and not for any other purpose.

14. Debtor's Counsel in this Chapter 11 Case shall process and tabulate Ballots in accordance with the Solicitation Procedures and file the Voting Report no later than the Voting Report deadline of [●], **2024**.

**Confirmation Notices and Objection Procedures**

15. The form, manner, and scope of the Confirmation Hearing Notice, the Non-Voting Status Notice, and the Plan Supplement Notice, substantially in the forms attached hereto as **Exhibits 3, 4** and **5**, respectively, constitute good, sufficient, and adequate notice to all parties, including known and unknown creditors, comply with the requirements of due process, and are APPROVED. Such notices are being provided by means reasonably calculated to reach all interested persons, reasonably convey all the required information to inform all persons affected thereby, and provide a reasonable time for a response and an opportunity to object to the relief requested. No other or further notice is necessary.

16. Notwithstanding anything else herein, the Debtor shall serve the Confirmation Hearing Notice on: (a) all holders of Claims and Interests, including Unclassified Claims, regardless of whether they are entitled to vote; (b) the 2002 List; (c) the SEC; (d) the U.S. Trustee; (e) all federal, state, and local taxing authorities in the jurisdictions in which the Debtor has tax liabilities; (f) all other persons or entities listed on the Debtor's creditor mailing matrix; and (g) all counterparties to Executory Contracts and Unexpired Leases.

17. Objections and responses, if any, to confirmation of the Plan must (a) be in writing, (b) set forth in detail the name and address of any party filing the objection, the legal and factual basis for the objection, the amount of the objector's Claims or such other grounds that give the objector standing to assert the objection, and any evidentiary support thereof, (c) conform to the Bankruptcy Rules and Local Rules, (d) be filed with this Court, and (e) be served upon the parties listed in the Confirmation Hearing Notice at the addresses set forth therein, on or before the Plan Objection Deadline, which service may be through the CM/ECF system, with courtesy copies by email delivered to counsel for the Debtor.

18. Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of this Solicitation Procedures Order may not be considered by this Court and may be denied and overruled unless otherwise ordered by this Court.

19. The Debtor or other parties in interest may file and serve a reply or replies to any objections or responses to confirmation of the Plan on or before the Confirmation Brief/Plan Reply Deadline of [●], **2024**.

**Additional Relief**

20. The Debtor is authorized to take any action necessary or appropriate to implement the terms of and the relief granted in this Solicitation Procedures Order without seeking further order of this Court.

21. The Debtor is authorized to make any non-substantive changes to the Plan, the Solicitation Procedures, the Ballots, the Solicitation Packages, the Confirmation Notices, and related documents without further order of this Court, including, without limitation, changes to (a) correct any typographical, grammatical, and formatting errors or omissions, and (b) make conforming changes to the Plan, and any other materials in the Solicitation Packages before distribution.

22. Nothing in this Solicitation Procedures Order shall be construed as a waiver of the right of the Debtor, or other party in interest, as applicable, to object to a Proof of Claim after the Voting Record Date.

23. All time periods set forth in this Solicitation Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24. Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this Solicitation Procedures Order shall be immediately effective and enforceable upon its entry.

25. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

26. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Solicitation Procedures Order.

BY THE COURT:

Dated: ____________

___________________________________
ASHELY M. CHAN
CHIEF UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Solicitation Procedures

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11, Subchapter V** |
| | : | |
| **NEW WAY MACHINE COMPONENTS, INC. t/a NEW WAY AIR BEARINGS** | : | **Case No. 24-11362(AMC)** |
| | : | |
| **Debtor** | : | |

**SOLICITATION PROCEDURES**

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") entered an order in the above-captioned Chapter 11 Case [D.I. ●] (the "Solicitation Procedures Order"): (a) establishing the Voting Record Date, Voting Deadline, and other related dates in connection with confirmation of the Small Business Debtor Plan of Reorganization Proposed by the Debtor and Debtor-in-Possession [D.I. ●] (as may be modified, amended, or supplemented from time to time, the "Plan");[1] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; (d) approving the form and manner of notice and other related documents as they relate to the Debtor; and (e) granting related relief.

The Solicitation Procedures set forth in this document are supplemented by the instructions accompanying the Ballots included in the Solicitation Packages that will be sent to those holders of Claims entitled to vote to accept or reject the Plan. Reference should be made to those instructions in addition to this document; however, in the case of a conflict, the terms of the Ballots control.

## I. VOTING RECORD DATE

The Bankruptcy Court has established **[●], 2024**, as the record date for purposes of determining which holders of Claims in Class 2 (Secured Claim of PNC Bank, N.A.), Class 3 (General Unsecured Claims) and Class 5 (Subordinated Claims) are entitled to vote on the Plan (the "Voting Record Date").

[1] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to such terms in the *Debtor's Motion for Entry of an Order (I) Scheduling a Hearing on Plan Confirmation and Approving the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Confirmation of the Plan, and (VI) Granting Related Relief* [D.I. ●] (the "Solicitation Procedures Motion") and the Plan.

## II. VOTING DEADLINE

The Bankruptcy Court has approved **[●], 2024 at 4:00 p.m. (Eastern Time)** as the deadline to vote to accept or reject the Plan (the "Voting Deadline"). The Debtor may extend the Voting Deadline, in its discretion, without further order of the Bankruptcy Court. To be counted as a vote to accept or reject the Plan, each Ballot ("Ballot") must be properly executed, completed, and delivered by (1) mail, (2) overnight delivery, or (3) personal delivery, so that it is ***actually received***, in each case, by Karalis PC ("Debtor's Counsel") no later than the Voting Deadline. Specifically, each Ballot must be returned by mail or by overnight or personal delivery to the following address:

| |
|---|
| Karalis PC<br>Attn: Aris J. Karalis, Esquire<br>1900 Spruce Street<br>Philadelphia, PA 19103 |

Only one Ballot may be submitted on account of each Claim. Delivery of a Ballot to Debtor's Counsel by facsimile or electronic means shall not be valid (unless a written exception has been granted by the Debtor).

## III. FORM, CONTENT, AND MANNER OF NOTICES

### A. Content of the Solicitation Package.

The following materials (whether by paper copy or USB Flash Drive) shall constitute the solicitation package (the "Solicitation Package"):

1. the cover letter describing the contents of the Solicitation Package and urging holders of Claims in the Voting Classes to vote to accept the Plan (the "Cover Letter");

2. the Solicitation Procedures Order, without exhibits;

3. the Plan with all exhibits (to the extent such exhibits are filed with the Bankruptcy Court before the Solicitation Date);

4. the Notice of Hearing to Consider Confirmation of the Small Business Debtor Plan of Reorganization Proposed by the Debtor and Debtor-in-Possession, substantially in the form annexed to the Solicitation Procedures Order as **Exhibit 3** (the "Confirmation Hearing Notice");

5. an appropriate form of Ballot with return instructions and a return pre-addressed envelope; and

6. any other materials ordered by the Bankruptcy Court to be included as part of the Solicitation Package.

**B. Distribution of the Solicitation Package.**

This Section explains the manner in which Solicitation Packages shall be distributed to holders of Claims entitled to vote on the Plan and other interested parties.

The Cover Letter shall include (whether by paper copy or USB Flash Drive) the Plan with exhibits, the Solicitation Procedures Order without exhibits, including a Ballot or Ballots, as applicable.

1. *Class 2 Claims (Secured Claim of PNC Bank N.A.)*. The Debtor shall distribute the Solicitation Packages and Ballots with respect to Class 2 Claims to their known attorneys and not to the holders of the Secured Claim of PNC Bank N.A.

2. *Claims in Other Voting Classes*. The Debtor shall cause a Solicitation Package to be served on each holder of a Claim in the Voting Classes who is entitled to vote by the Solicitation Date.

3. *Other Parties*. The Debtor shall cause a Solicitation Package (without a Ballot) to be served for informational purposes on (a) the Office of the United States Trustee for the Eastern District of Pennsylvania, (b) the Securities and Exchange Commission, and (c) each party that has requested notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002 by the Solicitation Date.

4. *Exception for Undeliverables*. Notwithstanding any provision to the contrary herein, neither the Debtor, nor Debtor's Counsel, shall be required to distribute a Solicitation Package to any Person or Entity as to whom the notice of the Solicitation Procedures Motion or other mailed notice in the Chapter 11 Case was returned as undeliverable by the postal service, unless Debtor's Counsel is provided with an accurate address for such Person or Entity before the Solicitation Date.

5. *Avoidance of Duplication*. The Debtor shall make reasonable efforts to ensure that any holder of a Claim that has filed duplicative Claims and/or Claims that are amended and superseded by a later filed Claim against the Debtor that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

**C. Resolution of Disputed Claims for Voting Purposes; Resolution Event.**

1. Absent further order of the Bankruptcy Court, the holder of a Claim in a Voting Class that is the subject of a pending "reclassify" or "reduce and allow" objection only to reclassify or reduce the amount of such Claim shall be entitled to vote such Claim in accordance with the proposed reclassification or in the reduced amount (as applicable) contained in such objection.

2. If a Claim in a Voting Class is subject to an objection other than a "reclassify" or "reduce and allow" objection that is filed with the Bankruptcy Court on or *before the Solicitation Date*, the applicable holder shall not be entitled to vote to accept or reject the Plan on account of such Claim, unless a Resolution Event (as defined below) occurs as provided herein.

3. If a Claim in a Voting Class is subject to an objection other than a "reclassify" or "reduce and allow" objection that is filed with the Bankruptcy Court *after the Solicitation Date*, the applicable Claim shall be deemed temporarily allowed solely for voting purposes to the extent otherwise allowed for voting purposes in accordance with these Solicitation Procedures, without further action by the Debtor or the holder of such Claim and without further order of the Bankruptcy Court, unless the Debtor and claimant agree to other treatment for voting purposes or the Bankruptcy Court orders otherwise.

4. If the holder of any Disputed Claim seeks to challenge the disallowance or estimation of its Claim for voting purposes, such holder must file with the Bankruptcy Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such claim for purposes of voting to accept or reject the Plan (a "Rule 3018(a) Motion"). Any Rule 3018(a) Motion shall be filed with the Bankruptcy Court and served on the Debtor on or before **[●], 2024** and scheduled for hearing on **[●], 2024 at 12:30 p.m. (Eastern Time)**. Any response to a Rule 3018(a) Motion shall be filed with the Bankruptcy Court and served on the movant on or before **[●], 2024**. If a holder of a Disputed Claim files a timely Rule 3018(a) Motion, such holder's Ballot shall not be counted unless a Resolution Event occurs with respect to such Disputed Claim prior to **[●], 2024** (the "Voting Resolution Event Deadline").

5. A "Resolution Event" means, with respect to a Disputed Claim that is the subject of an objection other than a "reclassify" or "reduce and allow" objection, the occurrence of one or more of the following events on or before the Voting Resolution Event Deadline:

a. An order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

b. entry of an order of the Bankruptcy Court, after notice and a hearing, granting a Rule 3018(a) Motion and temporarily allowing such Claim for voting purposes in accordance with **Section III.C.4** above;

c. execution of a stipulation or other agreement between the holder of a Disputed Claim and the Debtor (i) resolving the objection and allowing such Claim for voting purposes in an agreed-upon amount or (ii) otherwise fixing an amount of the Claim for voting purposes; or

d. the pending objection is voluntarily withdrawn by the objecting party.

6. No later than two (2) Business Days following the occurrence of a Resolution Event, the Debtor shall serve, via email, overnight mail, or personal delivery, a

Solicitation Package to the relevant holder to the extent such holder has not already received a Solicitation Package containing a Ballot.

**D. Non-Voting Status Notice for Unclassified and Unimpaired Classes of Claims.**

Certain holders of Claims that are not classified under Article 3 of the Plan in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, shall receive only the Notice of Non-Voting Status to Holders of Unclassified Claims and Holders of Unimpaired Claims and Interests, substantially in the form annexed to the Solicitation Procedures Order as **Exhibit 4**. The notice shall instruct these holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

## IV. VOTING AND TABULATION PROCEDURES

A. **Holders of Claims Entitled to Vote.**

Only the following holders of Claims in the Voting Classes shall be entitled to vote with respect to such Claims:

1. Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (a) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date, and (b) is not the subject of a pending objection, other than a "reclassify" or "reduce and allow" objection, filed with the Bankruptcy Court on or before the Solicitation Date, pending the occurrence of a Resolution Event as provided herein; *provided that* a holder of a Claim that is the subject of a pending objection on a "reclassify" or "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reclassified priority or reduced amount contained in such objection absent a further order of the Bankruptcy Court;

2. Holders of Claims that are listed on the Debtor's Schedules; *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent or unliquidated Claims that have been paid or superseded by a timely filed Proof of Claim) shall be allowed to vote only in the amounts set forth in **Sections IV.B** of these Solicitation Procedures;

3. Holders of Claims whose Claims arise (a) pursuant to an agreement or settlement with the Debtor, as reflected in a document filed with the Bankruptcy Court, (b) in an order entered by the Bankruptcy Court, or (c) in a document executed by the Debtor pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed;

4. Holders of any Disputed Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018 in accordance with **Section III.C.4** above; and

5. The assignee of any Claim that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (1) through (4) above; *provided* that such

transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register as of the Voting Record Date.

B. **Establishing Claim Amounts for Voting Purposes.**

1. If a Proof of Claim has been amended, the last-filed Proof of Claim as of the Voting Record Date shall be subject to these Solicitation Procedures and shall supersede any earlier filed Proof of Claim for voting purposes. Any earlier-filed Proof of Claim shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such earlier filed Claim.

2. Duplicate Claims within the same Voting Class shall be deemed temporarily allowed for voting purposes only in an amount equal to one such Claim and not in an amount equal to the aggregate of such Claims.

3. Claims filed for $0.00 are not entitled to vote on the Plan.

4. *Class 3 General Unsecured Claims*. The Claim amount of Class 3 Claims shall be established based on the amount of the applicable positions held by holders of Class 3 Claims as of the Voting Record Date, as evidenced by (a) the Debtor's books and records and (b) the Claims Register maintained in this Chapter 11 Case.

5. *Claim Amounts for Voting Purposes*. The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim under the terms of the Plan. Moreover, any amounts filled in on Ballots by the Debtor through Debtor's Counsel, as applicable, are not binding for purposes of allowance and distribution. In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

a. the Claim amount (i) settled or agreed upon by the Debtor, as memorialized in a document filed with the Bankruptcy Court, (ii) set forth in an order of the Bankruptcy Court or (iii) set forth in a document executed by the Debtor pursuant to authority granted by the Bankruptcy Court;

b. if subsection (a) does not apply, the Claim amount allowed (temporarily or otherwise) pursuant to a Resolution Event under **Section III.C** of these Solicitation Procedures;

c. if neither of subsections (a)-(b) apply, the Claim amount asserted in a Proof of Claim that has been timely filed (or deemed timely filed by the Bankruptcy Court under applicable law) and filed in good faith (in the reasonable discretion of the Debtor), except for any amounts that have been paid or asserted on account of any interest accrued after the Petition Date; *provided*, that any Ballot submitted by a holder of a Claim who timely filed a Proof of Claim in respect of (i) a contingent Claim, whether liquidated or unliquidated, or a Claim in a wholly-unliquidated, unknown or undetermined amount (based on a reasonable review by the Debtor) that is not the subject of an objection shall count toward satisfying the numerosity requirement of

section 1126(c) of the Bankruptcy Code and shall count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the amount requirement of section 1126(c) of the Bankruptcy Code, and (ii) with respect to a non-contingent, partially liquidated and partially unliquidated Claim, such Claim shall be allowed for voting purposes only in the liquidated amount; *provided*, *further*, that if the Debtor determines in its reasonable discretion that the Proof of Claim contains any amount that was not asserted in good faith (a "Contested Claim"), the Claim amount listed in the Schedules, if any, shall be used for voting purposes only and to resolve such disagreement, such holder shall be deemed to consent to the amendment of his/her/its Proof of Claim to the Claim amount listed in the Schedules, if any, for voting purposes only and no further action shall be required by the Debtor or holder; *provided*, *further*, that if the Debtor determines that any Proof of Claim is a Contested Claim (in the Debtor's reasonable discretion), and the Claim is not listed in the Schedules, the Debtor shall contact the holder of the Contested Claim to consensually agree upon a Claim amount for voting purposes only, which agreed amount shall not require notice or consent of the Bankruptcy Court; *provided*, *further*, that if no agreement is reached regarding the amount of the Contested Claim for voting purposes only, the Debtor may file an objection to the Contested Claim and treat such Contested Claim as a Disputed Claim in accordance with **Section III.C** of these Solicitation Procedures;

d. if none of subsections (a)-(c) apply (or in the case of a Contested Claim as specified in subsection (c)), the Claim amount listed in the Schedules (to the extent such Claim has not been superseded by a timely filed Proof of Claim); *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and has not been paid; *provided*, *further*, that a Claim that is listed in the Schedules as contingent, unliquidated, or disputed and for which a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline is not entitled to vote; and

e. if none of subsections (a)-(d) apply, such Claim shall be disallowed for voting purposes

6. *Stipulation*. The Debtor is authorized to enter into stipulations or other agreements with the holder of any Claim agreeing to the amount of a Claim for voting purposes.

C. **Voting and Ballot Tabulation Procedures.**

The following voting procedures and standard assumptions shall be used in tabulating Ballots, along with the procedures described in the Ballots, subject to the Debtor's right to waive any of the below specified requirements (in the Debtor's sole discretion and without further order from

or notice to the Bankruptcy Court) for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules or Local Rules.[2]

1. Debtor's Counsel shall date-stamp all Ballots when received. Ballots received on the day of the Voting Deadline shall be date and time-stamped.

2. Except as otherwise provided in these Solicitation Procedures, unless a Ballot is received by Debtor's Counsel on or prior to the Voting Deadline (as the same may be extended by the Debtor in its sole discretion), the Debtor shall reject such Ballot as invalid and, therefore, shall not count it in connection with confirmation of the Plan.

3. If a Claim has been estimated for voting purposes in accordance with **Section III.C.4** above or otherwise allowed for voting purposes by order of the Bankruptcy Court, such Claim is temporarily allowed for voting purposes in the amount so estimated or allowed in such order.

4. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a Voting Class shall be aggregated as if such creditor held one Claim in the Voting Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

5. The Debtor shall make reasonable efforts to provide any holder of a Claim who has filed or purchased duplicate Claims within the same Class with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims; *provided* that if the Debtor timely receives more than one Ballot from or on behalf of the holder of a Claim, the effective vote shall be the Ballot last received by Debtor's Counsel that satisfies the voting and tabulation procedures specified in this **Section IV.D**. If more than one Ballot voting the same Claim is received prior to the Voting Deadline, the latest received, properly executed Ballot received by Debtor's Counsel before the Voting Deadline will supersede and revoke any prior Ballot.

6. If the holder of a Claim submits inconsistent Ballots received by Debtor's Counsel on the same day, such Ballots shall not be counted.

7. Delivery of a defective or irregular Ballot shall not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtor. Any waiver by the Debtor of defects or irregularities in any Ballot shall be detailed in the Voting Report filed by Debtor's Counsel.

8. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtor.

9. The holder of a Claim or an authorized representative must complete each section of the Ballot, including, without limitation, voting to accept or reject the Plan, completing the requested identification information, and signing and dating the Ballot.

---

[2] The summary provided herein is for illustrative purposes only and is subject to the procedures described in the Ballots in all respects. In the event of any inconsistency between the summary of voting and tabulation procedures as set forth herein and the Ballots, the Ballots will control.

10. The holder of a Claim must vote all of its Claims either to accept or reject the Plan. Accordingly, a Ballot that partially rejects and partially accepts the Plan may not be counted. To the extent possible, the Debtor shall distribute to each holder of a Claim in the Voting Class a single Ballot on account of the Claim held by such holder in the Voting Class.

11. The Debtor expressly reserves the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtor makes material changes to the terms of the Plan, the Debtor shall disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Bankruptcy Court.

12. If the party executing the Ballot is signing as a trustee, executor, guardian, attorney-in-fact, officer of a corporation, or acting in fiduciary or representative capacity, such party must indicate such capacity when signing and, if required or requested by the Debtor, or the Bankruptcy Court, must provide evidence satisfactory to the requesting party to act on behalf of the holder of the Claim.

13. Subject to any contrary order of the Bankruptcy Court, the Debtor further reserves the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

14. Neither the Debtor, nor any other person or entity, shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor shall any of them incur any liabilities for failure to provide such notification.

15. Debtor's Counsel, in its discretion, may contact entities entitled to vote to cure any defects in the Ballot; *provided, however,* that Debtor's Counsel is not obligated to do so.

16. If no Ballot is submitted in a Class, then such Class shall be deemed to have voted to accept the Plan.

17. A voter may withdraw a valid Ballot by delivering a written notice of withdrawal to Debtor's Counsel before the Voting Deadline – the withdrawal must be signed by the party who signed the Ballot, and the Debtor reserves the right to contest any withdrawals.

18. If multiple Ballots are timely received from or on behalf of a holder of a single Claim, the effective vote shall be the last properly executed Ballot timely received by Debtor's Counsel that satisfies the voting and tabulation procedures specified in this **Section IV.D** and shall supersede and revoke any prior Ballot received, provided that if such holder submits inconsistent Ballots received by Debtor's Counsel on the same day, such Ballots shall not be counted.

19. If multiple Ballots are received directly from the holder of a Claim and from a purported attorney or agent for such holder prior to the Voting Deadline, the Ballot received directly from the holder shall be the Ballot that is counted. In addition, the following Ballots may not be counted in determining the acceptance or rejection of the Plan:

a. any Ballot submitted by a person who does not hold, or represent a person that holds, a Claim in the applicable Voting Class as of the Voting Record Date;

b. any Ballot received after the Voting Deadline unless the Debtor has granted an extension in writing (including e-mail) with respect to such Ballot. The holder of a Claim may choose the method of delivery of its Ballot to Debtor's Counsel at its own risk. Delivery of the Ballot shall be deemed made only when the original properly executed Ballot is actually received by Debtor's Counsel;

c. any Ballot delivered by facsimile transmission, electronic mail, or any other means not specifically approved herein (unless a written exception has been granted by the Debtor);

d. any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

e. any Ballot that is submitted in an inappropriate form that is not the appropriate Ballot for such Claim;

f. any Ballot sent to a person other than Debtor's Counsel;

g. any Ballot that is unsigned; or

h. a Ballot without a vote on the Plan or in which the claimant has voted to both accept and reject the Plan.

## V. AMENDMENTS TO THE PLAN AND SOLICITATION PROCEDURES

The Debtor reserved the right to make non-substantive or immaterial changes to the Solicitation Procedures Order, the Plan, the Ballot, the Confirmation Hearing Notice, and related documents without further order of the Bankruptcy Court, including, without limitation, changes to correct typographical and grammatical errors, and to make conforming changes among the Plan, and any other materials in the Solicitation Package before their distribution.

* * * * *

# **Exhibit 2-1**

## **Form of Class 2 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11, Subchapter V** |
| | : | |
| **NEW WAY MACHINE COMPONENTS, INC. t/a NEW WAY AIR BEARINGS** | : | **Case No. 24-11362(AMC)** |
| | : | |
| **Debtor** | : | |

**BALLOT FOR CLASS 2 (SECURED CLAIM OF PNC BANK N.A.)**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING YOUR BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**ACCESS TO SOLICITATION MATERIALS:**

**YOU HAVE RECEIVED A PAPER FORMAT OF THE PLAN, THE BALLOT, AND THE SOLICITATION PROCEDURES ORDER WITH THIS SOLICITATION PACKAGE. IF YOU NEED TO OBTAIN ADDITIONAL SOLICITATION PACKAGES, PLEASE CONTACT DEBTOR'S COUNSEL BY (A) CALLING KARALIS PC AT (215) 546-4500, (B) E-MAILING JHYSLEY@KARALISLAW.COM, OR (C) WRITING TO ARIS J. KARALIS, ESQUIRE, KARALIS PC, 1900 SPRUCE STREET, PHILADELPHIA, PA 19103.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY DEBTOR'S COUNSEL BY 4:00 P.M. (EASTERN TIME) ON ________, 2024 (THE "VOTING DEADLINE").**

Pursuant to this ballot (this "Ballot"), New Way Machine Components, Inc. t/a New Way Air Bearings and t/a New Way Precision, debtor and debtor-in-possession (the "Debtor") as identified in Item 1 below is solicitating votes from holders of Class 2 Claims (Secured Claim of PNC Bank, N.A.) on the Small Business Debtor Plan of Reorganization proposed by the Debtor and Debtor-in-Possession, dated [●], 2024 [D.I. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan"). Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to such terms in the Plan.

On [●], 2024, the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") entered an order [D.I. [•]] (the "Solicitation Procedures Order") approving the procedures for solicitating votes to accept or reject the Plan (the "Solicitation Procedures"). Bankruptcy Court approval of the Solicitation Procedures does not indicate the approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot because you are a holder of a Secured Claim of PNC Bank, N.A. in Class 2 against the Debtor as of the Voting Record Date. **Accordingly, you have a right to vote to accept or reject the Plan.** If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

Your rights are described in the Plan and the Solicitation Procedures Order. **This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you received the wrong Ballot, please contact the Debtor's Counsel immediately via the contact information set forth above.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or if you vote to reject the Plan.** To have your vote counted, you must complete, sign, and return this Ballot to Debtor's Counsel by the Voting Deadline.

Please be advised that the Plan also contains discharge, exculpation and injunction provisions related thereto. If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you. For a full description of these provisions, see **Article 7** of the Plan, which sets forth the terms of each of these provisions.

**You should carefully review the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.**

*[Remainder of Page Intentionally Left Blank]*

PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

| |
|---|
| PLEASE COMPLETE ALL APPLICABLE ITEMS BELOW. PLEASE FILL IN ALL OF THE INFORMATION REQUESTED UNDER ITEM 3. IF THE BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT VALID OR COUNTED AS HAVING BEEN CAST. |

**Item 1. Debtor and Amount of Claim.**

For purposes of voting to accept or reject the Plan, the undersigned hereby certifies that as of the Voting Record Date, the undersigned was the holder (or authorized signatory of such holder) of an Ongoing General Unsecured Claim in the following aggregate unpaid principal amount, without regard to any accrued but unpaid interest:

| |
|---|
| Debtor: New Way Machine Components, Inc. t/a New Way Air Bearings |
| Claim Amount: ____________________________________________ |

**Item 2. Vote on the Plan.**

Please vote either to accept or reject the Plan with respect to your Claim as set forth above (please check one). Any Ballot not marked either to accept or reject the Plan, or marked both to accept and to reject the Plan, shall not be counted in determining acceptance or rejection of the Plan.

**Check only one box:**

☐ **ACCEPT (I.E., VOTE IN FAVOR OF)** the Plan

☐ **REJECT (I.E., VOTE AGAINST)** the Plan

**Certain Discharges, Injunction and Exculpation Provisions Contained in the Plan**

**Please be advised that the Plan provides certain discharges, injunctions and exculpation provisions in Article 7, which will become effective if the Plan is approved. These provisions provide as follows:**

**Article 7.5 and 7.6 of the Plan – Discharge of the Debtor and Discharge Injunction.**

**Discharge of the Debtor. If the Plan is confirmed under § 1191(a), on the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before the Confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, and all other debts allowed under**

**503 of the Bankruptcy Code and provided for in the Plan. Pursuant to § 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, in the Confirmation Order, or in § 1141(d)(6) of the Bankruptcy Code, the confirmation of the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete discharge effective as of the Effective Date, of all Claims against, and Equity Interests in, the Debtor or any of its assets or properties, that arose before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not: (1) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to § 501 of the Bankruptcy Code; (2) a Claim based upon such debt or right is Allowed pursuant to § 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Equity Interest has accepted the Plan. Unless expressly provided in the Plan, the Confirmation Order shall be a judicial determination of the discharge of all Claims and Equity Interests subject to the Effective Date occurring.**

**If the Plan is confirmed under § 1191(b), as soon as practicable after completion by the Debtor of all payments due under the Plan, unless the Bankruptcy Court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the Bankruptcy Court shall grant the Debtor a discharge of all debts provided in § 1141(d)(1)(A) of this title, and all other debts allowed under § 503 of this title provided for in this Plan, except any debt (i) on which the last payment is due after the first three years of the Plan, or such other time not to exceed five years fixed by the Court; or (ii) if applicable, of the kind specified in § 523 of this title.**

**<u>Discharge Injunction</u>. From and after the Effective Date, except as expressly provided in the Plan or the Confirmation Order, all holders of Claims or Interests of any nature whatsoever against or in the Debtor or any of its assets or properties based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date that are discharged pursuant to the terms of the Plan shall be precluded and permanently enjoined from taking any of the following actions on account of, or on the basis of, such discharged Claims and Interests: (a) commencing or continuing any action or other proceeding of any kind against the Debtor, Reorganized Debtor, or its or their respective property; (b) enforcing, attaching, collecting, or recovering by any manner or means of judgment, award, decree or other against the Debtor, Reorganized Debtor, or its or their respective property; (c) creating, perfecting or enforcing any Lien or Encumbrance of any kind against the Debtor, Reorganized Debtor, or its or their respective property; or (d) commencing or continuing any judicial or administrative proceeding, in any forum and in any place in the world, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. The foregoing injunction shall extend to the successors and assigns of the Debtor (including Reorganized Debtor) and its and their respective properties and interests in property. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge or termination of all Claims, Interests and other debts and liabilities against or in the Debtor pursuant to sections 105, 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtor at any time to the extent such judgment relates to a discharged Claim or Interest.**

**Article 7.7 of the Plan - Exculpation. From and after the Effective Date, none of the Exculpated Parties shall have or incur any liability to, or be subject to any right of action by, any Person for any act, omission, transaction, event, or other circumstance occurring on or after the Petition Date up to and including the Effective Date in connection with, relating to or arising out of the Chapter 11 Case, the negotiation of the Plan Documents, Injunctions, the pursuit of Confirmation of the Plan, the administration, consummation and implementation of the Plan or the property to be Distributed under the Plan, or the management or operation of the Debtor (except for any liability that results primarily from such Exculpated Party's gross negligence, bad faith, willful misconduct, or fraud). In all respects, each and all such Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under, or in connection with, the matters referenced in the preceding sentence.**

**Article 7.7.1 of the Plan - Injunction Related to Exculpation. As of the Effective Date, all holders of Claims that are the subject of Article 7.7 of the Plan are, and shall be, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Exculpated Party on account of or based on the subject matter of such Claims, whether directly or indirectly, derivatively or otherwise: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including any judicial, arbitral, administrative or other proceeding) in any forum; (b) enforcing, attaching (including any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (c) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien or Encumbrance; and/or (d) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under Article 7.5 of the Plan or exculpated under Article 7.7 of the Plan; provided, however, that the injunctions set forth in Article 7.7.1 of the Plan shall not, and shall not be construed to, enjoin any Person that is the subject of Article 7.7 of the Plan from taking any action arising out of, or related to, any act or omission of a Exculpated Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct.**

**Item 3. Certification**. By signing this Ballot, the undersigned acknowledges receipt of the applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed, but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

____________________________________
Name

____________________________________
Signature

____________________________________
If by Authorized Agent, Name and Title

____________________________________
Name of Institution

____________________________________
Street Address

____________________________________
City, State, Zip Code

____________________________________
Telephone Number

____________________________________
Date Completed

**IF THIS BALLOT IS NOT RECEIVED BY THE DEBTOR'S COUNSEL ON OR BEFORE ____________, 2024 AT 4:00 P.M. (EASTERN TIME) YOUR VOTE WILL NOT BE COUNTED.**

**Ballots must be delivered to Debtor's Counsel at the appropriate address listed below, or in the enclosed envelope, as applicable.**

**By standard mail, or overnight mail or personal delivery:**

**Aris J. Karalis, Esquire**
**Karalis PC**
**1900 Spruce Street**
**Philadelphia, PA 19103**

Ballots submitted by facsimile, email or other means of electronic transmission will not be

counted.

If you have questions about this Ballot, or if you did not receive access to a copy of the Plan or any related materials, please contact Debtor's Counsel by (a) calling Karalis PC at (215) 546-4500, (b) emailing jhysley@karalislaw.com, or (c) writing to Aris J. Karalis, Esquire, Karalis PC, 1900 Spruce Street, Philadelphia, PA 19103.

**DEBTOR'S COUNSEL IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Any admission of Claims for purposes of voting on the Plan is not an admission of liability on the part of the Debtor or any other party for payment purposes.

# INSTRUCTIONS FOR COMPLETING YOUR BALLOT

To properly complete this Ballot, you must follow the procedures described below, which explain each of the items contained in your Ballot. If you have questions, please contact the Debtor's Counsel using the contact information provided above.

1. **Ballots must be submitted by Standard Mail, or Overnight Mail or Personal Delivery:**

Submit your complete and signed Ballot by standard mail using the pre-addressed envelope included in the Solicitation Package, or by overnight mail or personal delivery to:

| |
|---|
| Aris J. Karalis, Esquire<br>Karalis PC<br>1900 Spruce Street<br>Philadelphia, PA 19103 |

**Debtor's Counsel will tabulate all properly completed Ballots received on or before the Voting Deadline.**

2. **To fill out your Ballot, you must complete the following:**

a. **Item 1 (Debtor and Amount of Claim)**. Make sure that the information contained in Item 1 regarding the principal amount of your Claim you held on the Voting Record Date is correct. Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of Claims only if you complete, sign, and return the Ballot labeled for such class of Claims in accordance with the instructions on that Ballot.

b. **Item 2 (Vote on the Plan)**. Cast one vote to accept or reject the Plan by checking the appropriate box in Item 2. You must vote the entire amount of your Claim either to accept (*i.e.*, vote in favor of) or reject (*i.e.*, vote against) the Plan and you may not split your vote. Accordingly, any vote within a single Class that attempts partially to accept and partially reject the Plan will not be counted.

c. **Item 3 (Certifications, Acknowledgement, Signature, and Date)**. Either the claimant, the claimant's personal representative, or the claimant's attorney must sign the Ballot. If the Ballot is not signed, the vote shown on the Ballot will not be counted.

3. **Other Instructions for Completing the Ballots:**

a. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

b. If you submit more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received, properly executed Ballot submitted to the Debtor's Counsel and received by the Debtor's Counsel before the Voting Deadline will supersede and revoke any prior Ballot.

c. In the event that (i) the Debtor revokes or withdraws the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

d. There may be changes made to the Plan that do not cause material adverse effects on an accepting Class. If such non-material changes are made to the Plan, the Debtor will not resolicit votes for acceptance or rejection of the Plan.

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS INCLUDED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPCY COURT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, DID NOT RECEIVE INSTRUCTIONS REGARDING ACCESSING THE PLAN, RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT DEBTOR'S COUNSEL AT:**

**TELEPHONE:** **215-546-4500**

**E-MAIL:** **jhysley@karalislaw.com**

**ADDRESS:** **Aris J. Karalis, Esquire**
**Karalis PC**
**1900 Spruce Street**
**Philadelphia, PA 19103**

# Exhibit 2-2

## Form of Class 3 Ballot

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11, Subchapter V** |
| | : | |
| **NEW WAY MACHINE COMPONENTS, INC.** | : | **Case No. 24-11362(AMC)** |
| **t/a NEW WAY AIR BEARINGS** | : | |
| | : | |
| **Debtor** | : | |
| | : | |

**BALLOT FOR CLASS 3 (GENERAL UNSECURED CLAIMS)**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING YOUR BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**ACCESS TO SOLICITATION MATERIALS:**

**YOU HAVE RECEIVED A PAPER FORMAT OF THE PLAN, THE BALLOT, AND THE SOLICITATION PROCEDURES ORDER WITH THIS SOLICITATION PACKAGE. IF YOU NEED TO OBTAIN ADDITIONAL SOLICITATION PACKAGES, PLEASE CONTACT DEBTOR'S COUNSEL BY (A) CALLING KARALIS PC AT (215) 546-4500, (B) E-MAILING JHYSLEY@KARALISLAW.COM, OR (C) WRITING TO ARIS J. KARALIS, ESQUIRE, KARALIS PC, 1900 SPRUCE STREET, PHILADELPHIA, PA 19103.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY DEBTORS' COUNSEL BY 4:00 P.M. (EASTERN TIME) ON [●], 2024 (THE "VOTING DEADLINE").**

Pursuant to this ballot (this "Ballot"), the New Way Machine Components, Inc. t/a New Way Air Bearings and t/a New Way Precision, debtor and debtor-in-possession (the "Debtor") as identified in Item 1 below is solicitating votes from holders of Class 3 Claims (General Unsecured Claims) on the Small Business Debtor Plan of Reorganization proposed by the Debtor and Debtor-in-Possession, dated [●], 2024 [D.I. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan"). Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to such terms in the Plan.

On [●], 2024, the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") entered an order [D.I. [•]] (the "Solicitation Procedures Order") approving the procedures for solicitating votes to accept or reject the Plan (the "Solicitation Procedures"). Bankruptcy Court approval of the Solicitation Procedures does not indicate the approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot because you are a holder of a General Unsecured Claim in Class 3 against the Debtor as of the Voting Record Date. **Accordingly, you have a right to vote to accept or reject the Plan.** If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

Your rights are described in the Plan and the Solicitation Procedures Order. **This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you received the wrong Ballot, please contact the Debtor's Counsel immediately via the contact information set forth above.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or if you vote to reject the Plan.** To have your vote counted, you must complete, sign, and return this Ballot to Debtor's Counsel by the Voting Deadline.

Please be advised that the Plan also contains discharge, exculpation and injunction provisions related thereto. If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you. For a full description of these provisions, see **Article 7** of the Plan, which sets forth the terms of each of these provisions.

**You should carefully review the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.**

*[Remainder of Page Intentionally Left Blank]*

PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

| |
|---|
| PLEASE COMPLETE ALL APPLICABLE ITEMS BELOW. PLEASE FILL IN ALL OF THE INFORMATION REQUESTED UNDER ITEM 3. IF THE BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT VALID OR COUNTED AS HAVING BEEN CAST. |

**Item 1. Debtor and Amount of Claim.**

For purposes of voting to accept or reject the Plan, the undersigned hereby certifies that as of the Voting Record Date, the undersigned was the holder (or authorized signatory of such holder) of a General Unsecured Claim in the following aggregate unpaid principal amount, without regard to any accrued but unpaid interest:

| |
|---|
| Debtor: New Way Machine Components, Inc. t/a New Way Air Bearings |
| Claim Amount: ________________________________________ |

**Item 2. Vote on the Plan.**

Please vote either to accept or reject the Plan with respect to your Claim as set forth above (please check one). Any Ballot not marked either to accept or reject the Plan, or marked both to accept and to reject the Plan, shall not be counted in determining acceptance or rejection of the Plan.

| |
|---|
| **Check only one box**: |
| ☐ **ACCEPT (I.E., VOTE IN FAVOR OF)** the Plan |
| ☐ **REJECT (I.E., VOTE AGAINST)** the Plan |

**Certain Discharges, Injunction and Exculpation Provisions Contained in the Plan**

**Please be advised that the Plan provides certain discharges, injunctions and exculpation provisions in Article 7, which will become effective if the Plan is approved. These provisions provide as follows:**

**Article 7.5 and 7.6 of the Plan – Discharge of the Debtor and Discharge Injunction.**

**Discharge of the Debtor. If the Plan is confirmed under § 1191(a), on the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before the Confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, and all other debts allowed under**

**503 of the Bankruptcy Code and provided for in the Plan. Pursuant to § 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, in the Confirmation Order, or in § 1141(d)(6) of the Bankruptcy Code, the confirmation of the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete discharge effective as of the Effective Date, of all Claims against, and Equity Interests in, the Debtor or any of its assets or properties, that arose before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not: (1) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to § 501 of the Bankruptcy Code; (2) a Claim based upon such debt or right is Allowed pursuant to § 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Equity Interest has accepted the Plan. Unless expressly provided in the Plan, the Confirmation Order shall be a judicial determination of the discharge of all Claims and Equity Interests subject to the Effective Date occurring.**

**If the Plan is confirmed under § 1191(b), as soon as practicable after completion by the Debtor of all payments due under the Plan, unless the Bankruptcy Court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the Bankruptcy Court shall grant the Debtor a discharge of all debts provided in § 1141(d)(1)(A) of this title, and all other debts allowed under § 503 of this title provided for in this Plan, except any debt (i) on which the last payment is due after the first three years of the Plan, or such other time not to exceed five years fixed by the Court; or (ii) if applicable, of the kind specified in § 523 of this title.**

**Discharge Injunction. From and after the Effective Date, except as expressly provided in the Plan or the Confirmation Order, all holders of Claims or Interests of any nature whatsoever against or in the Debtor or any of its assets or properties based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date that are discharged pursuant to the terms of the Plan shall be precluded and permanently enjoined from taking any of the following actions on account of, or on the basis of, such discharged Claims and Interests: (a) commencing or continuing any action or other proceeding of any kind against the Debtor, Reorganized Debtor, or its or their respective property; (b) enforcing, attaching, collecting, or recovering by any manner or means of judgment, award, decree or other against the Debtor, Reorganized Debtor, or its or their respective property; (c) creating, perfecting or enforcing any Lien or Encumbrance of any kind against the Debtor, Reorganized Debtor, or its or their respective property; or (d) commencing or continuing any judicial or administrative proceeding, in any forum and in any place in the world, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. The foregoing injunction shall extend to the successors and assigns of the Debtor (including Reorganized Debtor) and its and their respective properties and interests in property. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge or termination of all Claims, Interests and other debts and liabilities against or in the Debtors pursuant to sections 105, 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtor at any time to the extent such judgment relates to a discharged Claim or Interest.**

**Article 7.7 of the Plan - Exculpation. From and after the Effective Date, none of the Exculpated Parties shall have or incur any liability to, or be subject to any right of action by, any Person for any act, omission, transaction, event, or other circumstance occurring on or after the Petition Date up to and including the Effective Date in connection with, relating to or arising out of the Chapter 11 Case, the negotiation of the Plan Documents, Injunctions, the pursuit of Confirmation of the Plan, the administration, consummation and implementation of the Plan or the property to be Distributed under the Plan, or the management or operation of the Debtor (except for any liability that results primarily from such Exculpated Party's gross negligence, bad faith, willful misconduct, or fraud). In all respects, each and all such Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under, or in connection with, the matters referenced in the preceding sentence.**

**Article 7.7.1 of the Plan - Injunction Related to Exculpation. As of the Effective Date, all holders of Claims that are the subject of Article 7.7 of the Plan are, and shall be, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Exculpated Party on account of or based on the subject matter of such Claims, whether directly or indirectly, derivatively or otherwise: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including any judicial, arbitral, administrative or other proceeding) in any forum; (b) enforcing, attaching (including any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (c) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien or Encumbrance; and/or (d) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under Article 7.5 of the Plan or exculpated under Article 7.7 of the Plan; provided, however, that the injunctions set forth in Article 7.7.1 of the Plan shall not, and shall not be construed to, enjoin any Person that is the subject of Article 7.7 of the Plan from taking any action arising out of, or related to, any act or omission of a Exculpated Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct.**

**Item 3. Certification**. By signing this Ballot, the undersigned acknowledges receipt of the solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed, but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

______________________________
Name

______________________________
Signature

______________________________
If by Authorized Agent, Name and Title

______________________________
Name of Institution

______________________________
Street Address

______________________________
City, State, Zip Code

______________________________
Telephone Number

______________________________
Date Completed

**IF THIS BALLOT IS NOT RECEIVED BY THE DEBTOR'S COUNSEL ON OR BEFORE [●], 2024 AT 4:00 P.M. (EASTERN TIME) YOUR VOTE WILL NOT BE COUNTED.**

**Ballots must be delivered to Debtor's Counsel at the appropriate address listed below, or in the enclosed envelope, as applicable.**

**By standard mail, or overnight mail or personal delivery:**

**Aris J. Karalis, Esquire**
**Karalis PC**
**1900 Spruce Street**
**Philadelphia, PA 19103**

Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

If you have questions about this Ballot, or if you did not receive access to a copy of the Plan or any related materials, please contact Debtor's Counsel by (a) calling Karalis PC at (215) 546-4500, (b) emailing jhysley@karalislaw.com, or (c) writing to Aris J. Karalis, Esquire, Karalis PC, 1900 Spruce Street, Philadelphia, PA 19103.

**DEBTOR'S COUNSEL IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Any admission of Claims for purposes of voting on the Plan is not an admission of liability on the part of the Debtors or any other party for payment purposes.

## INSTRUCTIONS FOR COMPLETING YOUR BALLOT

To properly complete this Ballot, you must follow the procedures described below, which explain each of the items contained in your Ballot. If you have questions, please contact the Debtor's Counsel using the contact information provided above.

**1. Ballots must be submitted by Standard Mail, or Overnight Mail or Personal Delivery:**

Submit your complete and signed Ballot by standard mail using the pre-addressed envelope included in the Solicitation Package, or by overnight mail or personal delivery to:

| |
|---|
| Aris J. Karalis, Esquire<br>Karalis PC<br>1900 Spruce Street<br>Philadelphia, PA 19103 |

**Debtor's Counsel will tabulate all properly completed Ballots received on or before the Voting Deadline.**

**2. To fill out your Ballot, you must complete the following:**

a. **Item 1 (Debtor and Amount of Claim)**. Make sure that the information contained in Item 1 regarding the principal amount of your Claim you held on the Voting Record Date is correct. Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of Claims only if you complete, sign, and return the Ballot labeled for such class of Claims in accordance with the instructions on that Ballot.

b. **Item 2 (Vote on the Plan)**. Cast one vote to accept or reject the Plan by checking the appropriate box in Item 3. You must vote the entire amount of your Claim either to accept (*i.e.*, vote in favor of) or reject (*i.e.*, vote against) the Plan and you may not split your vote. Accordingly, any vote within a single Class that attempts partially to accept and partially reject the Plan will not be counted.

c. **Item 3 (Certifications, Acknowledgement, Signature, and Date)**. Either the claimant, the claimant's personal representative, or the claimant's attorney must sign the Ballot. If the Ballot is not signed, the vote shown on the Ballot will not be counted.

**3. Other Instructions for Completing the Ballots:**

a. The Ballot is not a letter of transmittal and may not be used for any purpose

other than to vote to accept or reject the Plan.

b. If you submit more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received, properly executed Ballot submitted to the Debtor's Counsel and received by the Debtor's Counsel before the Voting Deadline will supersede and revoke any prior Ballot.

c. If more than one Ballot is received from the holder of a General Unsecured Claim entitled to vote and from an attorney purporting to represent such holder prior to the Voting Deadline, the Ballot received from the holder of the General Unsecured Claim entitled to vote will be counted.

d. In the event that (i) the Debtor revokes or withdraws the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

e. There may be changes made to the Plan that do not cause material adverse effects on an accepting Class. If such non-material changes are made to the Plan, the Debtor will not resolicit votes for acceptance or rejection of the Plan.

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS INCLUDED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPCY COURT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, DID NOT RECEIVE INSTRUCTIONS REGARDING ACCESSING THE PLAN, RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT DEBTOR'S COUNSEL AT:**

**TELEPHONE:** **215-546-4500**

**E-MAIL:** **jhysley@karalislaw.com**

**ADDRESS:** **Aris J. Karalis, Esquire**
**Karalis PC**
**1900 Spruce Street**
**Philadelphia, PA 19103**

# **Exhibit 2-3**

**Form of Class 5 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11, Subchapter V** |
| | : | |
| **NEW WAY MACHINE COMPONENTS, INC. t/a NEW WAY AIR BEARINGS** | : | **Case No. 24-11362(AMC)** |
| | : | |
| **Debtor** | : | |

**BALLOT FOR CLASS 5 (SUBORDINATED CLAIMS)**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING YOUR BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**ACCESS TO SOLICITATION MATERIALS:**

**YOU HAVE RECEIVED A PAPER FORMAT OF THE PLAN, THE BALLOT, AND THE SOLICITATION PROCEDURES ORDER WITH THIS SOLICITATION PACKAGE. IF YOU NEED TO OBTAIN ADDITIONAL SOLICITATION PACKAGES, PLEASE CONTACT DEBTOR'S COUNSEL BY (A) CALLING KARALIS PC AT (215) 546-4500, (B) E-MAILING JHYSLEY@KARALISLAW.COM, OR (C) WRITING TO ARIS J. KARALIS, ESQUIRE, KARALIS PC, 1900 SPRUCE STREET, PHILADELPHIA, PA 19103.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY DEBTORS' COUNSEL BY 4:00 P.M. (EASTERN TIME) ON [●], 2024 (THE "VOTING DEADLINE").**

Pursuant to this ballot (this "Ballot"), the New Way Machine Components, Inc. t/a New Way Air Bearings and t/a New Way Precision, debtor and debtor-in-possession (the "Debtor") as identified in Item 1 below is solicitating votes from holders of Class 5 Claims (Subordinated Claims) on the Small Business Debtor Plan of Reorganization proposed by the Debtor and Debtor-in-Possession, dated [●], 2024 [D.I. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan"). Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to such terms in the Plan.

On [●], 2024, the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") entered an order [D.I. [•]] (the "Solicitation Procedures Order") approving the procedures for solicitating votes to accept or reject the Plan (the "Solicitation Procedures"). Bankruptcy Court approval of the Solicitation Procedures does not indicate the approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot because you are a holder of a Subordinated Claim in Class 5 against the Debtor as of the Voting Record Date. **Accordingly, you have a right to vote to accept or reject the Plan.** If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

Your rights are described in the Plan and the Solicitation Procedures Order. **This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you received the wrong Ballot, please contact the Debtor's Counsel immediately via the contact information set forth above.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or if you vote to reject the Plan.** To have your vote counted, you must complete, sign, and return this Ballot to Debtor's Counsel by the Voting Deadline.

Please be advised that the Plan also contains discharge, exculpation and injunction provisions related thereto. If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you. For a full description of these provisions, see **Article 7** of the Plan, which sets forth the terms of each of these provisions.

**You should carefully review the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.**

*[Remainder of Page Intentionally Left Blank]*

PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

PLEASE COMPLETE ALL APPLICABLE ITEMS BELOW. PLEASE FILL IN ALL OF THE INFORMATION REQUESTED UNDER ITEM 3. IF THE BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Debtor and Amount of Claim.**

For purposes of voting to accept or reject the Plan, the undersigned hereby certifies that as of the Voting Record Date, the undersigned was the holder (or authorized signatory of such holder) of a Subordinated Claim in the following aggregate unpaid principal amount, without regard to any accrued but unpaid interest:

Debtor: New Way Machine Components, Inc. t/a New Way Air Bearings

Claim Amount: ___________________________________________

**Item 2. Vote on the Plan.**

Please vote either to accept or reject the Plan with respect to your Claim as set forth above (please check one). Any Ballot not marked either to accept or reject the Plan, or marked both to accept and to reject the Plan, shall not be counted in determining acceptance or rejection of the Plan.

**Check only one box**:

☐ **ACCEPT (I.E., VOTE IN FAVOR OF)** the Plan

☐ **REJECT (I.E., VOTE AGAINST)** the Plan

**Certain Discharges, Injunction and Exculpation Provisions Contained in the Plan**

**Please be advised that the Plan provides certain discharges, injunctions and exculpation provisions in Article 7, which will become effective if the Plan is approved. These provisions provide as follows:**

**Article 7.5 and 7.6 of the Plan – Discharge of the Debtor and Discharge Injunction.**

**Discharge of the Debtor. If the Plan is confirmed under § 1191(a), on the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before the Confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, and all other debts allowed under**

**503 of the Bankruptcy Code and provided for in the Plan. Pursuant to § 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, in the Confirmation Order, or in § 1141(d)(6) of the Bankruptcy Code, the confirmation of the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete discharge effective as of the Effective Date, of all Claims against, and Equity Interests in, the Debtor or any of its assets or properties, that arose before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not: (1) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to § 501 of the Bankruptcy Code; (2) a Claim based upon such debt or right is Allowed pursuant to § 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Equity Interest has accepted the Plan. Unless expressly provided in the Plan, the Confirmation Order shall be a judicial determination of the discharge of all Claims and Equity Interests subject to the Effective Date occurring.**

**If the Plan is confirmed under § 1191(b), as soon as practicable after completion by the Debtor of all payments due under the Plan, unless the Bankruptcy Court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the Bankruptcy Court shall grant the Debtor a discharge of all debts provided in § 1141(d)(1)(A) of this title, and all other debts allowed under § 503 of this title provided for in this Plan, except any debt (i) on which the last payment is due after the first three years of the Plan, or such other time not to exceed five years fixed by the Court; or (ii) if applicable, of the kind specified in § 523 of this title.**

**Discharge Injunction. From and after the Effective Date, except as expressly provided in the Plan or the Confirmation Order, all holders of Claims or Interests of any nature whatsoever against or in the Debtor or any of its assets or properties based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date that are discharged pursuant to the terms of the Plan shall be precluded and permanently enjoined from taking any of the following actions on account of, or on the basis of, such discharged Claims and Interests: (a) commencing or continuing any action or other proceeding of any kind against the Debtor, Reorganized Debtor, or its or their respective property; (b) enforcing, attaching, collecting, or recovering by any manner or means of judgment, award, decree or other against the Debtor, Reorganized Debtor, or its or their respective property; (c) creating, perfecting or enforcing any Lien or Encumbrance of any kind against the Debtor, Reorganized Debtor, or its or their respective property; or (d) commencing or continuing any judicial or administrative proceeding, in any forum and in any place in the world, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. The foregoing injunction shall extend to the successors and assigns of the Debtor (including Reorganized Debtor) and its and their respective properties and interests in property. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge or termination of all Claims, Interests and other debts and liabilities against or in the Debtors pursuant to sections 105, 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtor at any time to the extent such judgment relates to a discharged Claim or Interest.**

**Article 7.7 of the Plan - Exculpation. From and after the Effective Date, none of the Exculpated Parties shall have or incur any liability to, or be subject to any right of action by, any Person for any act, omission, transaction, event, or other circumstance occurring on or after the Petition Date up to and including the Effective Date in connection with, relating to or arising out of the Chapter 11 Case, the negotiation of the Plan Documents, Injunctions, the pursuit of Confirmation of the Plan, the administration, consummation and implementation of the Plan or the property to be Distributed under the Plan, or the management or operation of the Debtor (except for any liability that results primarily from such Exculpated Party's gross negligence, bad faith, willful misconduct, or fraud). In all respects, each and all such Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under, or in connection with, the matters referenced in the preceding sentence.**

**Article 7.7.1 of the Plan - Injunction Related to Exculpation. As of the Effective Date, all holders of Claims that are the subject of Article 7.7 of the Plan are, and shall be, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Exculpated Party on account of or based on the subject matter of such Claims, whether directly or indirectly, derivatively or otherwise: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including any judicial, arbitral, administrative or other proceeding) in any forum; (b) enforcing, attaching (including any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (c) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien or Encumbrance; and/or (d) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under Article 7.5 of the Plan or exculpated under Article 7.7 of the Plan; provided, however, that the injunctions set forth in Article 7.7.1 of the Plan shall not, and shall not be construed to, enjoin any Person that is the subject of Article 7.7 of the Plan from taking any action arising out of, or related to, any act or omission of a Exculpated Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct.**

**Item 3. Certification**. By signing this Ballot, the undersigned acknowledges receipt of the solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed, but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

____________________________________
Name

____________________________________
Signature

____________________________________
If by Authorized Agent, Name and Title

____________________________________
Name of Institution

____________________________________
Street Address

____________________________________
City, State, Zip Code

____________________________________
Telephone Number

____________________________________
Date Completed

**IF THIS BALLOT IS NOT RECEIVED BY THE DEBTOR'S COUNSEL ON OR BEFORE [●], 2024 AT 4:00 P.M. (EASTERN TIME) YOUR VOTE WILL NOT BE COUNTED.**

**Ballots must be delivered to Debtor's Counsel at the appropriate address listed below, or in the enclosed envelope, as applicable.**

**By standard mail, or overnight mail or personal delivery:**

**Aris J. Karalis, Esquire**
**Karalis PC**
**1900 Spruce Street**
**Philadelphia, PA 19103**

Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

If you have questions about this Ballot, or if you did not receive access to a copy of the Plan or any related materials, please contact Debtor's Counsel by (a) calling Karalis PC at (215) 546-4500, (b) emailing jhysley@karalislaw.com, or (c) writing to Aris J. Karalis, Esquire, Karalis PC, 1900 Spruce Street, Philadelphia, PA 19103.

**DEBTOR'S COUNSEL IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Any admission of Claims for purposes of voting on the Plan is not an admission of liability on the part of the Debtors or any other party for payment purposes.

## INSTRUCTIONS FOR COMPLETING YOUR BALLOT

To properly complete this Ballot, you must follow the procedures described below, which explain each of the items contained in your Ballot. If you have questions, please contact the Debtor's Counsel using the contact information provided above.

1. **Ballots must be submitted by Standard Mail, or Overnight Mail or Personal Delivery:**

Submit your complete and signed Ballot by standard mail using the pre-addressed envelope included in the Solicitation Package, or by overnight mail or personal delivery to:

| |
|---|
| Aris J. Karalis, Esquire<br>Karalis PC<br>1900 Spruce Street<br>Philadelphia, PA 19103 |

**Debtor's Counsel will tabulate all properly completed Ballots received on or before the Voting Deadline.**

2. **To fill out your Ballot, you must complete the following:**

a. **Item 1 (Debtor and Amount of Claim)**. Make sure that the information contained in Item 1 regarding the principal amount of your Claim you held on the Voting Record Date is correct. Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of Claims only if you complete, sign, and return the Ballot labeled for such class of Claims in accordance with the instructions on that Ballot.

b. **Item 2 (Vote on the Plan)**. Cast one vote to accept or reject the Plan by checking the appropriate box in Item 3. You must vote the entire amount of your Claim either to accept (*i.e.*, vote in favor of) or reject (*i.e.*, vote against) the Plan and you may not split your vote. Accordingly, any vote within a single Class that attempts partially to accept and partially reject the Plan will not be counted.

c. **Item 3 (Certifications, Acknowledgement, Signature, and Date)**. Either the claimant, the claimant's personal representative, or the claimant's attorney must sign the Ballot. If the Ballot is not signed, the vote shown on the Ballot will not be counted.

3. **Other Instructions for Completing the Ballots:**

a. The Ballot is not a letter of transmittal and may not be used for any purpose

other than to vote to accept or reject the Plan.

b. If you submit more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received, properly executed Ballot submitted to the Debtor's Counsel and received by the Debtor's Counsel before the Voting Deadline will supersede and revoke any prior Ballot.

c. If more than one Ballot is received from the holder of a General Unsecured Claim entitled to vote and from an attorney purporting to represent such holder prior to the Voting Deadline, the Ballot received from the holder of the General Unsecured Claim entitled to vote will be counted.

d. In the event that (i) the Debtor revokes or withdraws the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

e. There may be changes made to the Plan that do not cause material adverse effects on an accepting Class. If such non-material changes are made to the Plan, the Debtor will not resolicit votes for acceptance or rejection of the Plan.

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS INCLUDED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPCY COURT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, DID NOT RECEIVE INSTRUCTIONS REGARDING ACCESSING THE PLAN, RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT DEBTOR'S COUNSEL AT:**

**TELEPHONE:** **215-546-4500**

**E-MAIL:** **jhysley@karalislaw.com**

**ADDRESS:** **Aris J. Karalis, Esquire**
**Karalis PC**
**1900 Spruce Street**
**Philadelphia, PA 19103**

# Exhibit 3

## Form of Confirmation Hearing Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11, Subchapter V** |
| | : | |
| **NEW WAY MACHINE COMPONENTS, INC.** | : | **Case No. 24-11362(AMC)** |
| **t/a NEW WAY AIR BEARINGS** | : | |
| | : | |
| **Debtor** | : | |
| | : | |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF SMALL BUSINESS DEBTOR PLAN OF REORGANIZATION PROPOSED BY THE DEBTOR AND DEBTOR-IN-POSSESSION**

**PLEASE TAKE NOTICE THAT** the above-captioned Debtor and Debtor-in-possession filed on [●]:

- the Small Business Debtor Plan of Reorganization Proposed by the Debtor and Debtor-in-Possession [D.I. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan").[1]

The Debtor is the proponent of the Plan and supports confirmation thereof. You should carefully review the Plan and the Discharge, Injunction and Exculpations provision in the Plan.

You may access and download copies of the Plan, and the Solicitation Procedures Order for a fee via PACER at http://www.paeb.uscourts.gov. If you would prefer to receive an email with .pdf copies of the documents free of charge, please contact Karalis PC ("Debtor's Counsel") by: (a) calling Karalis PC at 215-546-4500, (b) emailing Jill Hysley at jhysley@karalislaw.com, or (c) writing to Aris J. Karalis, Esquire, Karalis PC, 1900 Spruce Street, Philadelphia, PA 19103.

**PLEASE TAKE FURTHER NOTICE THAT:**

1. ***Approval of Solicitation Procedures.*** On [●], 2024, the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") entered an order [D.I. ●] (the "Solicitation Procedures Order"). The Solicitation Procedures Order, among other things, authorizes the Debtor to solicit votes to accept or reject the Plan and establishes procedures related thereto (the "Solicitation Procedures").

2. ***Confirmation Hearing.*** The Bankruptcy Court has scheduled a hearing beginning on **[●], 2024, at__:__ _.m. (Eastern Time)** (the "Confirmation Hearing") to consider whether to confirm the Plan. The Confirmation Hearing will be held before the Honorable Ashely M. Chan, United States Bankruptcy Judge, at the Bankruptcy Court, located at 900 Market Street, Courtroom 4, Philadelphia, PA 19107. The Plan may be modified, if necessary, prior to, during, or as a result

[1] Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to such terms in the Plan, or the Solicitation Procedures (as defined below), as applicable.

of the Confirmation Hearing, without further notice to creditors or other parties in interest, unless such notice is required by the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

3. ***Voting Record Date.*** Holders of Claims against the Debtors in Class 2 (Secured Claim of PNC Bank, N.A., Class 3 (General Unsecured Claims) and Class 5 (Subordinated Claims) (each a "Voting Class" and, together the “Voting Classes”) as of [●], 2024 (the "Voting Record Date") are entitled to vote on account of such Claims. However, a holder of a Claim in a Voting Class is nonetheless not entitled to vote under the following circumstances:

(a) a Claim filed for $0.00 is not entitled to vote on the Plan;

(b) as of the Voting Record Date, such holder's Claim that has been expunged, disallowed, disqualified, withdrawn, or superseded;

(c) as of the Solicitation Date, such holder's Claim is the subject of a pending objection filed with the Bankruptcy Court, other than a "reclassify" or "reduce and allow" objection, pending the occurrence of a Resolution Event as provided in the Solicitation Procedures;

(d) a Claim that is not listed on the Debtor’s Schedules, or a Claim that is scheduled as contingent, unliquidated, or disputed and has not been paid or superseded by a timely filed Proof of Claim; and

(e) a holder of a Disputed Claim whose claim has not been resolved through a Resolution Event.

4. ***Voting Deadline.*** All votes to accept or reject the Plan must be actually received by the Debtor’s Counsel by **[●], 2024 at 4:00 p.m. (Eastern Time)** (the "Voting Deadline"). If you are entitled to vote to accept or reject the Plan, an appropriate Ballot and voting instructions have been included in the package of materials containing this Notice or, alternatively, such items may have been sent to your attorney. You must return your Ballot to the address specified in the instructions accompanying the Ballot so that it is received by Debtor’s Counsel no later than the Voting Deadline. **If you do not return your Ballot so that it is actually received by Debtor’s Counsel by the Voting Deadline, your vote may not be counted**. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote. If you have not received a Ballot and are entitled to vote on the Plan, you may request a Ballot and voting instructions from Debtor’s Counsel by: (a) calling Karalis PC at 215-546-4500, (b) emailing Jill Hysley at jhysley@karalislaw.com, or (c) writing to Aris J. Karalis, Esquire, Karalis PC, 1900 Spruce Street, Philadelphia, PA 19103.

5. ***Plan Supplement.*** The Debtor may file the Plan Supplement no later than seven (7) days before the Voting Deadline. If filed, the Plan Supplement shall be served only on those parties that have requested notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002 and any party in interest who requests in writing a copy from counsel to the Debtor.

6. ***Parties in Interest Not Entitled to Vote.*** Pursuant to the Plan, holders of Unimpaired Claims and Interests are presumed to accept the Plan and are not entitled to vote and

will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status. The holders of Administrative Expense Claims (including Professional Fee Claims and Subchapter V Trustee Fees) and Priority Tax Claims, which are unclassified under the Plan (collectively, the "Unclassified Claims") will also receive a Notice of Non-Voting Status.

7. ***Disputed Claim.*** If you have filed a Proof of Claim that is subject to an objection other than a "reclassify" or "reduce and allow" objection that is filed with the Bankruptcy Court on or before the Solicitation Date (a "Disputed Claim"), and if you seek to challenge the disallowance or estimation of your Disputed Claim for voting purposes, you must file with the Bankruptcy Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such claim for purposes of voting to accept or reject the Plan (a "Rule 3018(a) Motion"). Any Rule 3018(a) Motion must be filed with the Bankruptcy Court and served on the Debtor on or before [●], **2024 and scheduled for hearing on [●], 2024 at 12:30 p.m. (Eastern Time)**. Any response to a Rule 3018(a) Motion shall be filed with the Bankruptcy Court and served on the movant on or before [●], **2024**. If a holder of a Disputed Claim files a timely Rule 3018(a) Motion, such holder's Ballot shall not be counted unless a Resolution Event occurs with respect to such Disputed Claim prior to **[●], 2024** (the "Voting Resolution Event Deadline").

8. ***Objections to Confirmation.*** If you would like to object to the Plan, you may do so by filing your objection no later than **[●], 2024 at 4:00 p.m. (Eastern Time)** (the "Plan Objection Deadline"). Any objections or responses to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the Claim of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor; and (d) **if you are required to file documents electronically by Local Bankruptcy Rule 5005-1**, you must file your response electronically. **If you are not required to file** electronically, you must file your response at: Clerk, United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Federal Building, 900 Market Street, Suite 400, Philadelphia, PA 19107, together with proof of service **on or before the Plan Objection Deadline**, and served so as to be actually received by the parties below on or before the Plan Objection Deadline, which service may be through the CM/ECF system, with courtesy copies by email:

(a) Debtor’s Counsel, Karalis PC, 1900 Spruce Street, Philadelphia, PA 19103 (Attn: Aris J. Karalis, Esquire (akaralis@karalislaw.com));

(b) the U.S. Trustee, 900 Market Street, Suite 320, Philadelphia, PA 19107 (Attn:Kacie Cartwright, Esquire (kacie.cartwright@usdoj.gov));

(c) Subchapter V Trustee, Holly S. Miller, Esquire, Gellert Seitz Busenkell & Brown, LLC, 901 N. Market Street, Suite 3020, Philadelphia, PA 19107 (hsmiller@gsbblaw.com); and

(d) PNC Bank, N.A. counsel, Dilworth Paxson LLP, 1500 Market Street, Suite 3500E, Philadelphia, PA 19102 (Attn: Jennifer L. Maleski, Esquire (jmaleski@dilworthlaw.com)

**OBJECTIONS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE DEEMED OVERRULED WITHOUT FURTHER NOTICE.**

9. The Bankruptcy Court has approved the following dates and deadlines in connection with the solicitation of votes on the Plan.

| Event | Date |
|---|---|
| Voting Record Date | [●], 2024 |
| Deadline to Distribute Solicitation Packages | [●], 2024 |
| Rule 3018(a) Motion Deadline | [●], 2024 |
| Plan Supplement Deadline | [●], 2024 |
| Deadline to Respond to the Rule 3018(a) Motion | [●], 2024 |
| Voting Deadline | [●], 2024 at 4:00 p.m. (Eastern Time) |
| Hearing Date for any Rule 3018(a) Motion filed - Voting Resolution Event Deadline | [●], 2024 at 12:30 p.m. (Eastern Time) |
| Plan Objection Deadline | [●], 2024 at 4:00 p.m. (Eastern Time) |
| Voting Report Deadline | [●], 2024 |
| Confirmation Briefs and Plan Reply Deadline | [●], 2024 |
| Confirmation Hearing | [●], 2024 at __:__ _.m. (Eastern Time) |

10. **Please be advised that the Plan provides certain discharges, injunctions and exculpation provisions in <u>Article 7</u>, which will become effective if the Plan is approved. This provision provides as follows:**

**A. <u>Discharge</u>.**

**1. <u>Discharge of the Debtor</u>. If the Plan is confirmed under § 1191(a), on the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before the Confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, and all other debts allowed under 503 of the Bankruptcy Code and provided for in the Plan. Pursuant to § 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, in the Confirmation Order, or in § 1141(d)(6) of the Bankruptcy Code, the confirmation of the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete discharge effective as of the Effective Date, of all Claims against, and Equity Interests in, the Debtor or any of its assets or properties, that arose before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not: (1) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to § 501 of the**

**Bankruptcy Code; (2) a Claim based upon such debt or right is Allowed pursuant to § 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Equity Interest has accepted the Plan. Unless expressly provided in the Plan, the Confirmation Order shall be a judicial determination of the discharge of all Claims and Equity Interests subject to the Effective Date occurring.**

**If the Plan is confirmed under § 1191(b), as soon as practicable after completion by the Debtor of all payments due under the Plan, unless the Bankruptcy Court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the Bankruptcy Court shall grant the Debtor a discharge of all debts provided in § 1141(d)(1)(A) of this title, and all other debts allowed under § 503 of this title provided for in this Plan, except any debt (i) on which the last payment is due after the first three years of the Plan, or such other time not to exceed five years fixed by the Court; or (ii) if applicable, of the kind specified in § 523 of this title.**

**2. Discharge Injunction. From and after the Effective Date, except as expressly provided in the Plan or the Confirmation Order, all holders of Claims or Interests of any nature whatsoever against or in the Debtor or any of its assets or properties based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date that are discharged pursuant to the terms of the Plan shall be precluded and permanently enjoined from taking any of the following actions on account of, or on the basis of, such discharged Claims and Interests: (a) commencing or continuing any action or other proceeding of any kind against the Debtor, Reorganized Debtor, or its or their respective property; (b) enforcing, attaching, collecting, or recovering by any manner or means of judgment, award, decree or other against the Debtor, Reorganized Debtor, or its or their respective property; (c) creating, perfecting or enforcing any Lien or Encumbrance of any kind against the Debtor, Reorganized Debtor, or its or their respective property; or (d) commencing or continuing any judicial or administrative proceeding, in any forum and in any place in the world, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. The foregoing injunction shall extend to the successors and assigns of the Debtor (including Reorganized Debtor) and its and their respective properties and interests in property. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge or termination of all Claims, Interests and other debts and liabilities against or in the Debtor pursuant to sections 105, 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtor at any time to the extent such judgment relates to a discharged Claim or Interest.**

B. **Exculpation. From and after the Effective Date, none of the Exculpated Parties shall have or incur any liability to, or be subject to any right of action by, any Person for any act, omission, transaction, event, or other circumstance occurring on or after the Petition Date up to and including the Effective Date in connection with, relating to or arising out of the Chapter 11 Case, the negotiation of the Plan Documents, Injunctions, the pursuit of Confirmation of the Plan, the administration, consummation and implementation of the Plan or the property to be Distributed under the Plan, or the management or operation of the Debtor (except for any liability that results primarily from such Exculpated Party's gross negligence, bad faith, willful misconduct, or fraud). In all respects, each and all such Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under, or in connection with, the matters referenced in the**

**preceding sentence.**

**C. Injunction Related to Exculpation. As of the Effective Date, all holders of Claims that are the subject of Article 7.7 are, and shall be, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Exculpated Party on account of or based on the subject matter of such Claims, whether directly or indirectly, derivatively or otherwise: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including any judicial, arbitral, administrative or other proceeding) in any forum; (b) enforcing, attaching (including any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (c) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien or Encumbrance; and/or (d) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under Article 7.5 or exculpated under Article 7.7; provided, however, that the injunctions set forth in Article 7.7.1 shall not, and shall not be construed to, enjoin any Person that is the subject of Article 7.7 from taking any action arising out of, or related to, any act or omission of a Exculpated Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct.**

10. If you would like copies of the Plan, the Solicitation Procedures Order, or other documents related to the Plan, free of charge, you may obtain these documents by contacting Debtor's Counsel by: (a) calling Karalis PC at 215-546-4500, (b) emailing Jill Hysley at jhysley@karalislaw.com, or (c) writing to Debtors' Counsel at Aris J. Karalis, Esquire, Karalis PC, 1900 Spruce Street, Philadelphia, PA 19103. You may also access from these materials for a fee via PACER at http://www.paeb.uscourts.gov/.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT DEBTOR'S COUNSEL VIA ONE OF THE METHODS SPECIFIED ABOVE. PLEASE NOTE THAT DEBTOR'S COUNSEL MAY NOT PROVIDE LEGAL ADVICE. IF YOU NEED LEGAL ADVICE, PLEASE CONTACT YOUR ATTORNEY.**

**KARALIS PC**
Aris J. Karalis, Esquire
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
akaralis@karalislaw.com
Counsel to the Debtor and
Debtor-in-Possession

**Exhibit 4**

**Form of Non-Voting Status Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11, Subchapter V** |
| | : | |
| **NEW WAY MACHINE COMPONENTS, INC. t/a NEW WAY AIR BEARINGS** | : | **Case No. 24-11362(AMC)** |
| | : | |
| **Debtor** | : | |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF UNCLASSIFIED CLAIMS, AND UNIMPAIRED CLAIMS AND INTERESTS**

**To: All Holders of Unclassified Claims, Unimpaired Claims in Class 1 and Interests in Class 4**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

## APPROVAL OF SOLICITATION PROCEDURES

1. On [●], 2024, the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") entered an order in the above-captioned chapter 11 case [D.I. ●] (the "Solicitation Procedures Order"): (a) establishing the Voting Record Date, Voting Deadline, and other related dates in connection with confirmation of the Small Business Debtor Plan of Reorganization Proposed the Debtor and Debtor-in-Possession [D.I. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan");[1] (b) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan (the "Solicitation Procedures"); and (c) approving the form and manner of notice and other related documents as they relate to the Debtor.

## ENTITLEMENT TO VOTE ON PLAN

2. You are receiving this notice because you are the holder of (i) a Claim(s) in Class 1 (Other Priority Claims) or (ii) an Interest(s) in Class 4 (Equity Interests in Debtor) under the Plan (together, the "Unimpaired Non-Voting Classes"), or you are a holder of an Administrative Expense Claim, Professional Fee Claim, Subchapter V Trustee Fee Claim or Priority Tax Claim, which are unclassified under the Plan (together, the "Unclassified Claims").

3. Pursuant to the terms of Article 3 of the Plan, (a) holders of Claims in Class 1 and holders of Interests in Class 4 are Unimpaired and therefore, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively presumed to have accepted the Plan and are not entitled to vote on the Plan. Accordingly, this notice is being sent to you for informational purposes only.

[1] Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to such terms in the Plan, or the Solicitation Procedures (defined as below), as applicable.

4. Pursuant to the terms of Article 3 of the Plan, holders of Administrative Expense Claims, Professional Fee Claims, Subchapter V Trustee Fee Claims, or Priority Tax Claims are Unclassified Claims and not entitled to vote on the Plan. Accordingly, this notice is being sent to you for informational purposes only.

**DEADLINE FOR OBJECTIONS TO CONFIRMATION OF PLAN**

5. The Bankruptcy Court has scheduled a hearing beginning on [●], **2024, at__:__ _.m. (Eastern Time)** (the "Confirmation Hearing") to consider whether to confirm the Plan. The Confirmation Hearing will be held before the Honorable Ashely M. Chan, United States Bankruptcy Judge, at the Bankruptcy Court, located at 900 Market Street, Courtroom 4, Philadelphia, PA 19107. **Please be advised that the Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtor without further notice to parties other than an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing**. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest, unless such notice is required by the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

6. Notwithstanding the fact that you are not entitled to vote to accept or reject the Plan, you nevertheless may be a party in interest in this Chapter 11 Case and you, therefore, may be entitled to participate in this Chapter 11 Case, including by filing objections to confirmation of the Plan. If you would like to object to the Plan, you may do so by filing your objection no later than [●], **2024 at 4:00 p.m. (Eastern Time)** (the "Plan Objection Deadline"). Any objections or responses to confirmation of the Plan, must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the Claim of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor; and (d) **if you are required to file documents electronically by Local Bankruptcy Rule 5005-1**, you must file your response electronically. **If you are not required to file** electronically, you must file your response at: Clerk, United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Federal Building, 900 Market Street, Suite 400, Philadelphia, PA 19107, together with proof of service **on or before the Plan Objection Deadline**, and served so as to be actually received by the parties below on or before the Plan Objection Deadline, which service may be through the CM/ECF system, with courtesy copies by email:

(a) counsel to the Debtor, Karalis PC, 1900 Spruce Street, Philadelphia, PA 19103 (Attn: Aris J. Karalis, Esquire (akaralis@karalislaw.com));

(b) the U.S. Trustee, The Robert N.C. Nix Federal Building, 900 Market Street, Suite 320, Philadelphia, PA 19107 (Attn: Kacie Cartwright (kacie.cartwright@usdoj.gov);

(c) Subchapter V Trustee, Holly S. Miller, Esquire, Gellert Seitz Busenkell & Brown, LLC, 901 N. Market Street, Suite 3020, Philadelphia, PA 19107 (hsmiller@gsbblaw.com); and

(d) PNC Bank, N.A. counsel, Dilworth Paxson LLP, 1500 Market Street, Suite 3500E, Philadelphia, PA 19102 (Attn: Jennifer L. Maleski, Esquire (jmaleski@dilworthlaw.com)

**OBJECTIONS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE DEEMED OVERRULED WITHOUT FURTHER NOTICE.**

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND EQUITY INTERESTS

7. The Plan proposes to modify the rights of certain creditors of the Debtor. The classification of Claims and Equity Interests under the Plan is described generally below.

| Class | Claim or Interest | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Presumed to Accept; Not Entitled to Vote |
| 2 | Secured Claim of PNC Bank, N.A. | Impaired | Entitled to Vote |
| 3 | General Unsecured Claims | Impaired | Entitled to Vote |
| 4 | Equity Interests in Debtor | Unimpaired | Presumed to Accept; Not Entitled to Vote |
| 5 | Subordinated Claims | Impaired | Entitled to Vote |

## DISCHARGE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN

8. **Please be advised that the Plan provides certain discharges, injunctions and exculpation provisions in Article 7, which will become effective if the Plan is approved. These provisions provide as follows:**

**A. Discharge.**

1. **Discharge of the Debtor. If the Plan is confirmed under § 1191(a), on the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before the Confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, and all other debts allowed under 503 of the Bankruptcy Code and provided for in the Plan. Pursuant to § 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, in the Confirmation Order, or in § 1141(d)(6) of the Bankruptcy Code, the confirmation of the**

**Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete discharge effective as of the Effective Date, of all Claims against, and Equity Interests in, the Debtor or any of its assets or properties, that arose before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not: (1) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to § 501 of the Bankruptcy Code; (2) a Claim based upon such debt or right is Allowed pursuant to § 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Equity Interest has accepted the Plan. Unless expressly provided in the Plan, the Confirmation Order shall be a judicial determination of the discharge of all Claims and Equity Interests subject to the Effective Date occurring.**

**2. If the Plan is confirmed under § 1191(b), as soon as practicable after completion by the Debtor of all payments due under the Plan, unless the Bankruptcy Court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the Bankruptcy Court shall grant the Debtor a discharge of all debts provided in § 1141(d)(1)(A) of this title, and all other debts allowed under § 503 of this title provided for in this Plan, except any debt (i) on which the last payment is due after the first three years of the Plan, or such other time not to exceed five years fixed by the Court; or (ii) if applicable, of the kind specified in § 523 of this title.**

**3. <u>Discharge Injunction</u>. From and after the Effective Date, except as expressly provided in the Plan or the Confirmation Order, all holders of Claims or Interests of any nature whatsoever against or in the Debtor or any of its assets or properties based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date that are discharged pursuant to the terms of the Plan shall be precluded and permanently enjoined from taking any of the following actions on account of, or on the basis of, such discharged Claims and Interests: (a) commencing or continuing any action or other proceeding of any kind against the Debtor, Reorganized Debtor, or its or their respective property; (b) enforcing, attaching, collecting, or recovering by any manner or means of judgment, award, decree or other against the Debtor, Reorganized Debtor, or its or their respective property; (c) creating, perfecting or enforcing any Lien or Encumbrance of any kind against the Debtor, Reorganized Debtor, or its or their respective property; or (d) commencing or continuing any judicial or administrative proceeding, in any forum and in any place in the world, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. The foregoing injunction shall extend to the successors and assigns of the Debtor (including Reorganized Debtor) and its and their respective properties and interests in property. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge or termination of all Claims, Interests and other debts and liabilities against or in the Debtor pursuant to sections 105, 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtor at any time to the extent such judgment relates to a discharged Claim or Interest.**

B. **<u>Exculpation</u>. From and after the Effective Date, none of the Exculpated Parties shall have or incur any liability to, or be subject to any right of action by, any Person for any act, omission, transaction, event, or other circumstance occurring on or after the Petition Date**

**up to and including the Effective Date in connection with, relating to or arising out of the Chapter 11 Case, the negotiation of the Plan Documents, Injunctions, the pursuit of Confirmation of the Plan, the administration, consummation and implementation of the Plan or the property to be Distributed under the Plan, or the management or operation of the Debtor (except for any liability that results primarily from such Exculpated Party's gross negligence, bad faith, willful misconduct, or fraud). In all respects, each and all such Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under, or in connection with, the matters referenced in the preceding sentence.**

C. **Injunction Related to Exculpation. As of the Effective Date, all holders of Claims that are the subject of Article 7.7 are, and shall be, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Exculpated Party on account of or based on the subject matter of such Claims, whether directly or indirectly, derivatively or otherwise: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including any judicial, arbitral, administrative or other proceeding) in any forum; (b) enforcing, attaching (including any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (c) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien or Encumbrance; and/or (d) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under Article 7.5 or exculpated under Article 7.7; provided, however, that the injunctions set forth in Article 7.7.1 shall not, and shall not be construed to, enjoin any Person that is the subject of Article 7.7 from taking any action arising out of, or related to, any act or omission of a Exculpated Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct.**

## COPIES OF PLAN AND SOLICITATION PROCEDURES ORDER

9. If you would like copies of the Plan, the Solicitation Procedures Order, or other documents related to the Plan, you may obtain these documents on the Court's website for a fee via PACER at http://www.paeb.uscourts.gov. If you would prefer to receive an email with .pdf copies of the documents free of charge, please contact Karalis PC ("Debtor's Counsel") by: (a) calling Karalis PC at 215-546-4500, (b) emailing Jill Hysley at jhysley@karalislaw.com, or (c) writing to Aris J. Karalis, Esquire, Karalis PC, 1900 Spruce Street, Philadelphia, PA 19103.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT DEBTOR'S COUNSEL VIA ONE OF THE METHODS SPECIFIED ABOVE. PLEASE NOTE THAT DEBTOR'S COUNSEL MAY NOT PROVIDE LEGAL ADVICE. IF YOU NEED LEGAL ADVICE, PLEASE CONSULT WITH YOUR ATTORNEY.**

Dated: [●], 2024

KARALIS PC
Aris J. Karalis, Esquire
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
akaralis@karalislaw.com

*Counsel to the Debtor*
*and Debtor-in-Possession*

# Exhibit 5

## Form of Plan Supplement Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11, Subchapter V** |
| | : | |
| **NEW WAY MACHINE COMPONENTS, INC. t/a NEW WAY AIR BEARINGS** | : | **Case No. 24-11362(AMC)** |
| | : | |
| **Debtor** | : | |

**NOTICE OF FILING OF PLAN SUPPLEMENT TO SMALL BUSINESS DEBTOR PLAN OF REORGANIZATION PROPOSED BY THE DEBTOR AND DEBTOR-IN-POSSESSION**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On [●], 2024, the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") entered an order in the above-captioned chapter 11 case [D.I. ●] (the "Solicitation Procedures Order"): (a) establishing the Voting Record Date, Voting Deadline, and other related dates in connection with confirmation of the Small Business Debtor Plan of Reorganization Proposed by the Debtor and Debtor-in-Possession [D.I. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan");[1] (b) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan (the "Solicitation Procedures"); and (c) approving the form and manner of notice and other related documents as they relate to the Debtor.

2. As contemplated by the Plan, and the Solicitation Procedures Order, the Debtor filed a Plan Supplement with the Bankruptcy Court on [●], 2024 [D.I. [•]]. The Plan Supplement includes the following materials, among others (each as defined in the Plan): [TBD] and (any additional documents filed with the Bankruptcy Court prior to the Effective Date as amendments to the Plan Supplement through the Effective Date, subject to the terms of the Plan; provided that the Plan Documents listed in the foregoing sentence may be revised, in the Debtor's discretion. The Plan Supplement shall be served only on those parties that have requested notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002 and any party in interest who requests in writing a copy from Karalis PC ("Debtor's Counsel").

3. The Plan Supplement is integral to, part of and incorporated by reference into the Plan. The documents included in the Plan Supplement have not yet been approved by the Bankruptcy Court and may be amended, modified or supplemented from time to time. If the Plan is confirmed by the Bankruptcy Court, the documents contained in this Plan Supplement will be approved by the Bankruptcy Court pursuant to the Confirmation Order.

[1] Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to such terms in the Plan, or the Solicitation Procedures (defined as below), as applicable.

4. The Bankruptcy Court has scheduled a hearing beginning on [●], **2024, at__:__ _.m. (Eastern Time)** (the "Confirmation Hearing") to consider whether to confirm the Plan. The Confirmation Hearing will be held before the Honorable Ashely M. Chan, United States Bankruptcy Judge, **in Courtroom No. 4, United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107**. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest, unless such notice is required by the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

5. If you would like to object to the Plan, you may do so by filing your objection no later than **[●], 2024 at 4:00 p.m. (Eastern Time)** (the "Plan Objection Deadline"). Any objections or responses to confirmation of the Plan, must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the Claim of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor; and (d) **If you are required to file documents electronically by Local Bankruptcy Rule 5005-1**, you must file your response electronically. **If you are not required to file** electronically, you must file your response at: Clerk, United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix Federal Building, 900 Market Street, Suite 400, Philadelphia, PA 19107 together with proof of service **on or before the Plan Objection Deadline**, and served so as to be actually received by the parties below on or before the Plan Objection Deadline, which service may be through the CM/ECF system, with courtesy copies by email:

(a) counsel to the Debtors at Karalis PC, 1900 Spruce Street, Philadelphia, PA 19103 (Attn: Aris J. Karalis (akaralis@karalislaw.com));

(b) the U.S. Trustee, Robert N.C. Nix Federal Building, 900 Market Street, Suite 320, Philadelphia, PA 19107 (Attn: Kacie Cartwright (kacie.cartwright@usdoj.gov);

(c) Subchapter V Trustee, Holly S. Miller, Esquire, Gellert Seitz Busenkell & Brown, LLC, 901 N. Market Street, Suite 3020, Philadelphia, PA 19107 (hsmiller@gsbblaw.com); and

(d) PNC Bank, N.A. counsel, Dilworth Paxson LLP, 1500 Market Street, Suite 3500E, Philadelphia, PA 19102 (Attn: Jennifer L. Maleski, Esquire (jmaleski@dilworthlaw.com)

**OBJECTIONS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE DEEMED OVERRULED WITHOUT FURTHER NOTICE.**

6. The Debtor reserves all rights to amend, modify or supplement the Plan Supplement, and any of the exhibits included therein, in accordance with the terms of the Plan. To the extent material amendments or modifications are made to any of these exhibits, the Debtor will file amended versions of such exhibits with the Bankruptcy Court prior to the Confirmation Hearing.

7. If you would like copies of the Plan Supplement or other documents related to the Plan, you may obtain these documents on the Court's website for a fee via PACER at http://www.paeb.uscourts.gov. If you would prefer to receive an email with pdf copies of the documents free of charge, please contact Karalis PC ("Debtor's Counsel") by: (a) calling Karalis PC at 215-546-4500, (b) emailing Jill Hysley at jhysley@karalislaw.com, or (c) writing to Aris J. Karalis, Esquire, Karalis PC, 1900 Spruce Street, Philadelphia, PA 19103.

**ARTICLE 7 OF THE PLAN CONTAINS CERTAIN DISCHARGE, INJUNCTIONS, AND EXCULPATION PROVISIONS. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT DEBTOR'S COUNSEL VIA ONE OF THE METHODS SPECIFIED ABOVE. PLEASE NOTE THAT DEBTOR'S COUNSEL MAY NOT PROVIDE LEGAL ADVICE. IF YOU NEED LEGAL ADVICE, PLEASE CONSULT YOUR ATTORNEY.**

Dated: [●], 2024

KARALIS PC
Aris J. Karalis, Esquire
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
akaralis@karalislaw.com

*Counsel to the Debtor and Debtor-in-Possession*

# Exhibit 6

## Form of Debtor's Cover Letter

KARALIS PC
Attorneys at Law

1900 SPRUCE STREET
PHILADELPHIA, PA 19103-6697
TEL: 215.546.4500
FAX: 215.985.4175
www.karalislaw.com

ARIS J. KARALIS
TEL: 215.546.4500 ext. 104
E-mail: akaralis@karalislaw.com

[●], 2024

**Re: NEW WAY MACHINE COMPONENTS, INC. t/a NEW WAY AIR BEARINGS and t/a NEW WAY PRECISION**
**Bankruptcy No. 24-11362(AMC)**

**To All Holders of Class 2, 3 and 5 Claims Entitled to Vote on the Plan:**

On April 22, 2024, New Way Machine Components, Inc. t/a New Way Air Bearings and t/a New Way Precision, the Debtor and Debtor-in-Possession in the above captioned Chapter 11 Case (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"). The Debtor commenced the Chapter 11 Case to protect and preserve its business, maximize property available to satisfy its creditors and to reorganize its affairs.

On [●], 2024, the Bankruptcy Court entered an order that, among other things, authorizes the Debtor to solicit votes to accept or reject the *Small Business Debtor Plan of Reorganization proposed by the Debtor and Debtor-in-Possession,* dated [●], 2024 [D.I. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan").[1]

You are receiving this letter, a USB Flash Drive, and the accompanying materials because you are entitled to vote on the Plan. The following materials constitute the "Solicitation Package" which, in addition to this letter, is comprised of:

1. a USB Flash Drive containing:

   (a) the Order (I) Scheduling a Hearing on Plan Confirmation and Approving the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Confirmation of the Plan, and (VI) Granting Related Relief, without exhibits [D.I. ●], (the "Solicitation Procedures Order"); and

[1] Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to such terms in the Plan.

(b) The Plan and all of its exhibits and schedules (to the extent such exhibits and schedules are filed with the Bankruptcy Court before the Solicitation Date);

2. a paper copy of the Notice of Hearing to Consider Confirmation of the Small Business Debtor Plan of Reorganization proposed by the Debtor and Debtor in Possession [D.I. [●]], (the "Confirmation Hearing Notice");

3. a paper copy of an appropriate Ballot with detailed voting instructions, return instructions, and a pre-addressed return envelope; and

4. any other materials ordered by the Bankruptcy Court to be included as part of the Solicitation Package.

You may also access and download copies of the Plan, and the Solicitation Procedures Order that accompany this letter on the Court's website for a fee via PACER at www.paeb.uscourts.gov. If you would prefer to receive an email with .pdf copies of the documents free of charge, please contact Karalis PC ("Debtor's Counsel") by: (a) calling Debtor's Counsel at 215-546-4500, (b) emailing Jill Hysley at jhysley@karalislaw.com, or (c) writing to Aris J. Karalis, Esquire, Karalis PC, 1900 Spruce Street, Philadelphia, PA 19103.

**The treatment of Class 2, 3 and 5 Claims, the only Classes entitled to vote, is described more fully in the Plan. The Debtor supports confirmation of the Plan and urges all claimants to vote in favor of the Plan. The Debtor believes that the Plan will offer the highest and best recovery for all creditors than any other alternative.**

**Please read the Plan carefully. In particular, please review the discharges, injunctions and exculpation provisions in Article 7, which will become effective if the Plan is approved.**

**The enclosed Plan constitutes a good-faith compromise and settlement of all Claims and controversies based upon the circumstances of this Chapter 11 Case, and will provide the maximum recovery for creditors. The Debtor believes that the acceptance of the Plan by holders of Claims entitled to vote to accept or reject the Plan is in the best interests of holders of Claims against the Debtor. Moreover, the Debtor believes that any alternative other than Confirmation of the Plan may result in, among other risks, delays and increased administrative expenses, and diminished distributions on account of Allowed Claims.**

**The Debtor strongly urges you to properly and timely submit your Ballot casting a vote to accept the Plan in accordance with the instructions in your Ballot;**

**The Voting Deadline is [●], 2024 at 4:00 p.m. (Eastern Time).**

**Therefore, the Debtor recommends that all persons entitled to vote on the Plan vote to accept the Plan and submit a timely Ballot. Instructions for casting your vote on the Plan**

**are provided on your Ballot. In order to have your vote to accept or reject the Plan counted, your Ballot must actually be received by Debtor's Counsel on or before [●], 2024 at 4:00 p.m. (Eastern Time).**

If you have any questions, or need to obtain additional solicitation materials, you may contact Debtor's Counsel by: (a) calling Karalis PC at 215-546-4500, (b) emailing Jill Hysley at jhysley@karalislaw.com, or (c) writing to Debtor's Counsel at Aris J. Karalis, Esquire, Karalis PC, 1900 Spruce Street, Philadelphia, PA 19103.

Please note that Debtor's Counsel is not authorized to, and will not, provide legal advice to you. If you need legal advice, please consult with your attorney.

Sincerely,

*Aris J. Karalis*

Aris J. Karalis
*Attorney for Debtor and Debtor-in-Possession*