**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | **Chapter 11, Subchapter V** |
| | : | |
| **NEW WAY MACHINE COMPONENTS, INC.** | : | **Case No. 24-11362(AMC)** |
| **t/a NEW WAY AIR BEARINGS,** | : | |
| | : | |
| **Debtor.**[1] | : | |
| | : | |

**ORDER (I) CONFIRMING AMENDED SMALL BUSINESS DEBTOR PLAN OF
REORGANIZATION PROPOSED BY THE DEBTOR
AND (II) GRANTING RELATED RELIEF**

New Way Machine Components, Inc. t/a New Way Air Bearings and t/a New Way

Precision (the "***Debtor***"), and debtor in possession in the above captioned chapter 11 case, having:

>    a.    filed a Small Business Debtor Plan of Reorganization proposed by the Debtor dated July 18, 2024 *together with all exhibits, schedules and attachments thereto*) [D.I. 91], which was updated for solicitation purposes and filed on August 23, 2024, the "Solicitation Plan" [D.I. 119], and revised thereafter by the *Amended Small Business Debtor Plan of Reorganization Proposed by the Debtor and Debtor-in-Possession dated October 1, 2024 (together with all exhibits, schedules and attachments thereto)* (as may be further amended, supplemented, or modified in accordance with terms thereof, the "Amended Plan") [D.I. 138], and the redline comparison of the Amended Plan marked to the Solicitation Plan [D.I. 138-1], (at times, the Amended Plan is hereinafter also referred to as the "Plan");[2]

The United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") having:

>    b.    entered the Order (I) Scheduling a Hearing on Plan Confirmation and Approving the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in connection with Confirmation of the Plan, and (VI) Granting Related Relief (the "***Solicitation Procedures Order***") dated August 21, 2024 [D.I. 116]; and

---

[1] The last four digits of the Debtor's federal tax identification number are 9884. The Debtor's address is 50 McDonald Boulevard, Aston PA 19014.

[2] The terms of the Plan, as amended or modified, are incorporated into this Confirmation Order as if fully set forth herein. Capitalized terms not otherwise defined herein shall have the meanings assigned in the Plan.[3] The findings of fact and conclusions of law set forth herein constitute findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52, made applicable in contested matters by Bankruptcy Rules 7052 and 9014(c). To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the conclusions of law constitute findings of fact, they are adopted as such.

     c.        approved, pursuant to the Solicitation Procedures Order, among other things, (i) the transmission to holders of Claims against the Debtor's Estate of the Solicitation Plan, the Solicitation Procedures, and related notices, forms, and Ballots in compliance with chapter 11 of title 11 of the United States Code, <u>11 U.S.C. §§ 101-1532</u> (the "<u>Bankruptcy Code</u>"), the <u>Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules</u>"), and the Local Bankruptcy Rules of the Court (the "<u>Local Rules</u>");

The Debtor having:

     d.        timely and properly solicited the Plan and provided due notice of the Confirmation Hearing in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Solicitation Procedures Order, as evidenced by, among other things, the Certificate of Service [D.I. 124] filed on September 9, 2024, and the Certificate of Service of the Plan Solicitation Packages [D.I. 125] filed on September 9, 2024, (together, the "<u>Solicitation Certificates of Service</u>");

     e.        filed, on October 2, 2024, the Notice of Filing of Amended Plan and redlined comparisons of the Amended Plan to the Solicitation Plan [D.I. 139];

     f.        caused notice of the Confirmation Hearing to be served as required by the Solicitation Procedures Order on August 23, 2024 [D.I. 120] (the "<u>Confirmation Hearing Notice</u>");

     g.        caused notice of the summary of plan treatment, discharge, exculpation and injunction provisions of the Plan related to exculpation, the Confirmation Hearing and the deadline to object to the Plan to be served on the holders of unclassified claims and holders of unimpaired claims (non-voting claimants) presumed to have accepted the Plan (the "<u>Notice of Non-Voting Status</u>") [D.I. 122], as evidenced by the Solicitation Certificates of Service;

     h.        submitted the Report of Plan Voting prepared by Karalis PC ("<u>KPC</u>") regarding the solicitation of votes and tabulation of Ballots cast with respect to the Plan [D.I. 143] (the "<u>Report of Plan Voting</u>");

     i.        filed, on October 15, 2024, the Debtor's Memorandum of Law in Support of Confirmation of the Plan [D.I. 144] (the "<u>Confirmation Memo of Law</u>"); and

     j.        filed, on October 15, 2024, the declaration of Jared Schaffstall in Support of Confirmation of the Plan [D.I. 145] (the "<u>Confirmation Hearing Declaration</u>").

The Court having:

     k.        found that the Confirmation Hearing Notice, and the opportunity for any party in interest to object to Confirmation of the Plan, and the discharge, exculpation, and

injunctions therein, have been adequate and appropriate under the circumstances and no further notice is required;

l.      held a Confirmation Hearing on October 24, 2024; and

m.      considered the entire record of the Confirmation Hearing, including, but not limited to:

1.      the Plan, as amended, and the Solicitation Procedures Order;

2.      the Solicitation Certificates of Service and Report of Plan Voting;

3.      the Confirmation Hearing Notice and the Notice of Non-Voting Status;

4.      the Confirmation Hearing Declaration, the Debtor's trial exhibits D-1 through D-16, and any other evidence submitted in support of Confirmation, and the compromises and settlements embodied in and contemplated by the Plan;

7.      the Confirmation Memo of Law; and

8.      arguments of counsel and the evidence proffered, adduced, and/or presented in connection with the Confirmation Hearing; and

after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines as follows:[3]

A.      **<u>Jurisdiction and Venue</u>.** This Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Eastern District of Pennsylvania, dated as of November 8, 1990. The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be approved and confirmed. Venue of these proceedings and the Chapter 11 Case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and

---

[3] The findings of fact and conclusions of law set forth herein constitute findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52, made applicable in contested matters by Bankruptcy Rules 7052 and 9014(c). To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the conclusions of law constitute findings of fact, they are adopted as such.

3

this Court may enter a final order hereon under Article III of the United States Constitution.  The statutory predicates for Confirmation of the Plan are sections 105(a), 363, 365, 1123 (as applicable), 1124, 1129 (as applicable), 1146(a), 1190, and 1191 of title 11 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 6004, 6006 and 9019.

B.      **Eligibility for Relief**. The Debtor was and is an entity eligible for relief under section 109 of the Bankruptcy Code.  The Debtor also qualified and elected to proceed as a small business debtor under subchapter V of the Bankruptcy Code as that term is defined in section 1182 of the Bankruptcy Code.

C.      **Appointment of the Subchapter V Trustee**.  On April 23, 2024, the Office of the United States Trustee for the Eastern District of Pennsylvania appointed Holly Smith Miller as the Subchapter V Trustee pursuant to section 1183(a) of the Bankruptcy Code (the "Subchapter V Trustee") [D.I. 23].

D.      **Adequate Notice.** All necessary service and notice with respect to Confirmation of the Plan, including all exculpations and injunctions thereunder, on all known and unknown creditors and other parties in interest was adequate and sufficient under the circumstances of the Chapter 11 Case and in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is necessary or shall be required.

E.      **Solicitation**. As evidenced by the Solicitation Certificates of Service and the Report of Plan Voting, transmittal and service of the solicitation materials required by the Solicitation Procedures Order was timely, adequate, appropriate, and sufficient under the circumstances. The solicitation of the Holders of Claims against and Equity Interests in the Debtor was conducted in good faith and complied with the Bankruptcy Code, including sections 1125 and 1126 thereof, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and all other

4

applicable non-bankruptcy rules, laws, and regulations. Accordingly, no further notice is required, and the Debtor and its officers, directors, advisors, professionals, and agents are entitled to the benefits and protections afforded by section 1125(e) of the Bankruptcy Code. The period during which the Debtor solicited acceptances or rejections to the Plan was a reasonable and sufficient period of time for each Holder entitled to vote to make an informed decision to accept or reject the Plan.

   F.  **<u>Voting</u>**.

    1.  As described in the Report of Plan Voting, (a) holders of claims in Class 2 (Secured Claim of PNC Bank), Class 3 (General Unsecured Claims) and Class 5 (Subordinated Claims), which are Impaired and entitled to vote on the Plan, have voted to accept the Plan in both the numbers and amounts required by section 1126 of the Bankruptcy Code.  Class 1 (Other Priority Claims), and Class 4 (Equity Interests), each of which is unimpaired, are deemed to have accepted the Plan pursuant to § 1126(f) of the Bankruptcy Code.  Accordingly, all impaired Classes of Claims have voted to accept the Plan and all unimpaired Classes of Claims and Equity Interests are presumed to have accepted the Plan.

    2.  All procedures used to tabulate the Ballots were fair, reasonable, and conducted in accordance with the applicable provisions of the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable non-bankruptcy rules, laws, and regulations.

   G.  **<u>Section 1189 of the Bankruptcy Code</u>**.  The Plan satisfies all of the requirements of section 1189 of the Bankruptcy Code because the Plan was proposed and filed by the Debtor within 90 days after the Petition Date.

H.    **Section 1190 of the Bankruptcy Code**.   The contents of the Plan (with any modifications set forth below) satisfies all of the requirements of a plan under section 1190 and any other applicable requirements of the Bankruptcy Code.

I.    **Section 1191 of the Bankruptcy Code**.  The Plan satisfies all of the requirements of a plan under sections 1191(a) of the Bankruptcy Code.  The Plan satisfies all of the requirements of section 1129(a), other than paragraph (15), of the Bankruptcy Code.   The Plan does not discriminate unfairly and is fair and equitable with respect to each Class of Claims and Equity Interests that are impaired under, and has not accepted, the Plan.

J.    **Sections 1122 and 1123 of the Bankruptcy Code**.   The Plan satisfies the requirements of sections 1122 and 1123:

1.    The Plan satisfies the requirements of Sections 1122(a), 1123(a)(1), 1123(a)(2), and 1123(a)(3) of the Bankruptcy Code in that <u>Article 3</u> of the Plan provides for the separate classification of Claims and Equity Interests into five Classes, and valid business, factual, and legal reasons exist for the separate classification of such Classes of Claims and Equity Interests. The classification scheme contained in the Plan does not reflect any improper purpose and does not unfairly discriminate between, or among, holders of Claims or Equity Interests. Each Class of Claims and Equity Interests contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests within that Class;

2.    The Plan satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code. The Plan provides for the same treatment by the Debtor for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest;

3.    The Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.  Article 3 of the Plan and the other provisions of the Plan, as well as the exhibits and schedules to the Plan, and the terms of this Confirmation Order provide adequate and proper means for the implementation of the Plan;

4.    Section 1123(a)(6) of the Bankruptcy Code is not applicable here as the Debtor is not issuing any publicly traded securities under the Plan;

5.    In accordance with section 1123(a)(7) of the Bankruptcy Code, the Plan contains only provisions that are consistent with the interests of creditors, equity security holders and with public policy with respect to the manner of selection of officers and directors who are expected to serve, on and after the Effective Date, as the officers and directors of the Reorganized Debtor;

6.    The Debtor is not an individual.  Accordingly, section 1123(a)(8) of the Bankruptcy Code is not implicated by the Plan; and

7.    In accordance with section 1123(b) of the Bankruptcy Code, the Plan includes only provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

K.    **Section 1129 of the Bankruptcy Code**.  The Plan satisfies the requirements of section 1129:

1.    In accordance with section 1129(a)(1) of the Bankruptcy Code, the Plan properly identifies the Debtor as the Plan proponent and complies with all applicable provisions of the Bankruptcy Code and applicable law;

2.      In accordance with section 1129(a)(2) of the Bankruptcy Code, the Debtor has complied with all applicable provisions of the Bankruptcy Code, including, without limitation, sections 1125 and 1126 and Bankruptcy Rules 3017, 3018 and 3019;

3.      In accordance with section 1129(a)(3) of the Bankruptcy Code, the Plan has been proposed in good faith and not by any means forbidden by law.  Consistent with the overriding purposes of Chapter 11 of the Bankruptcy Code, the Plan enables holders of Allowed Claims to realize reasonable recoveries under the circumstances.  In so finding, the Court has considered the totality of the circumstances of this Chapter 11 Case. The Plan is the result of extensive, good faith, arm's length negotiations among the Debtor, its creditors, stakeholders, and its other constituencies. The Plan is and shall be deemed a good-faith compromise and settlement of all Claims, Equity Interests, and controversies relating to the contractual, legal, and subordination rights that a Holder of a Claim or Equity Interest may have with respect to any Allowed Claim or Equity Interest or any distribution to be made on account of such Allowed Claim or Equity Interest;

4.      In accordance with section 1129(a)(4) of the Bankruptcy Code and Article 3 of the Plan, any payments made or promised by the Debtor or by any person acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been disclosed to the Court and approved by the Court as reasonable.  If any such payment is to be made to a professional retained pursuant to order of this Court and such payment is to be fixed after Confirmation of the Plan for pre-Effective Date services, such payment is subject to approval of the Court as reasonable, pursuant to sections 330 and 331 of the Bankruptcy Code;

5.      The Debtor has disclosed the identities of the individuals proposed to serve, from and after the Effective Date, as the officers and directors of the Reorganized Debtor, thereby satisfying section 1129(a)(5) of the Bankruptcy Code;

6.      The Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission, thus satisfying section 1129(a)(6);

7.      In accordance with section 1129(a)(7) of the Bankruptcy Code, with respect to each impaired class of claims or equity interests, each holder of a Claim or Equity Interest in such Class has accepted or is deemed to have accepted the Plan, or will receive or retain under the Plan on account of such Claim or Equity Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would so receive or retain if the Debtor was liquidated on the Effective Date under chapter 7 of the Bankruptcy Code;

8.      The Plan complies with section 1129(a)(8) because all impaired classes have accepted the Plan;

9.      The Plan complies with the requirements of section 1129(a)(9), which provides for the payment of priority claims.  Class 1 of the Plan (Other Priority Claims) provides that Allowed Class 1 Claims shall be paid in accordance with the priorities set forth in the Bankruptcy Code on the Effective Date.  Section 3.1.3 (Priority Tax Claims) provides that Allowed Priority Tax Claims will be paid on the Effective Date, or as soon as reasonably practicable;

10.     In accordance with section 1129(a)(10) of the Bankruptcy Code, at least one Class of Claims that is impaired under the Plan has accepted the Plan determined without including any acceptance of the Plan by an "insider" holding a Claim in such Class.  As set forth in the Report of Plan Voting, the Plan has been accepted by all impaired Classes of Claims (Class 2, Class 3 and Class 5);

11.    The Plan satisfies section 1129(a)(11) of the Bankruptcy Code because Confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization of the Reorganized Debtor.   The Plan is therefore feasible;

12.    Section 1129(a)(12) of the Bankruptcy Code, is not applicable to the Plan as a subchapter V debtor is not required to pay quarterly U.S. Trustee fees under 28 U.S.C. § 1930.

13.    Section 1129(a)(13) requires that a plan provide for the continuation of retiree benefits, within the meaning of section 1114 of the Bankruptcy Code, for the duration of the period that the debtor is obligated to provide such benefits.  The Debtor has no retiree obligations, and accordingly section 1129(a)(13) is inapplicable;

14.    Sections 1129(a)(14) and (15) of the Bankruptcy Code impose certain requirements on an individual chapter 11 debtor.  The Debtor is not an individual.  Accordingly, sections 1129(a)(14) and (15) of the Bankruptcy Code are not implicated by the Plan;

15.    Section 1129(a)(16) of the Bankruptcy Code is not applicable to the Debtor's business or the Plan;

16.    Section 1129(b)(1) does not apply to the Debtor in the context of the Plan because section 1129(a)(8) has been satisfied by the consent of all impaired classes to the Plan;

17.    Pursuant to section 1129(d) of the Bankruptcy Code, the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933; and

18.    Section 1129(e) of the Bankruptcy Code is not applicable to the Chapter 11 Case.

L.    **Exculpation**. The exculpation provisions set forth in Section 7.7 of the Plan and incorporated into this Confirmation Order are essential to the Plan. The record in the Chapter 11

Case supports the exculpation provisions set forth in <u>Section 7.7</u> of the Plan, which are appropriately tailored to protect the Exculpated Parties from unnecessary litigation and are consistent with established practice in this jurisdiction. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with all applicable laws with regard to the distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation or distributions made pursuant to the Plan as and to the extent provided for in the Plan.

M.    **<u>Permanent Injunctions</u>**. The injunction provisions set forth in <u>Sections 7.6 and 7.7.1</u> of the Plan are essential to the Plan. The injunction provisions are necessary for the implementation of the Plan and to preserve and enforce the discharge and the exculpation provisions in <u>Sections 7.6 and 7.7.1</u> of the Plan. The injunction provisions are fair and reasonable and are appropriately tailored to achieve those purposes.

N.    **<u>Objections</u>**. All parties have had a full and fair opportunity to litigate all issues raised in the objections to Confirmation of the Plan, or which might have been raised, and the objections have been fully and fairly litigated or resolved or overruled.

O.    **<u>Plan Modifications.</u>** The amendments and modifications to the Solicitation Plan since the filing thereof, that are reflected in the Amended Plan, including as reflected herein, are approved in accordance with section 1193(a) of the Bankruptcy Code and Rule 3019(a) of the Bankruptcy Rules.  The amendments to the Plan do not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the amendment, and shall be deemed accepted by all creditors and equity security holders who have previously accepted the Plan.

11

P.      **Assumption and Rejection of Executory Contracts and Unexpired Leases.**

The Debtor's assumption, assumption and assignment, or rejection of each executory contract and

unexpired lease under the Plan satisfies the requirements of section 365(b) of the Bankruptcy

Code and, therefore, the requirements of section 1123(b)(2) of the Bankruptcy Code.

Q.      **Injunctions and Releases.**  The Court, having considered the Confirmation of the

Plan, finds and determines that all such provisions are consistent with the provisions of the

Bankruptcy Code. The injunctions as set forth in Sections 7.6 and 7.7.1of the Plan shall be in full

force and effect on and after the Effective Date, and shall not be subject to any additional

exceptions or limitations.

R.      **Conditions Precedent to Confirmation.**   The conditions precedent to

Confirmation set forth in Section 6.1 of the Plan have either been satisfied or waived.

S.      **Satisfaction of Confirmation Requirements**.  Based on the foregoing, the Plan

satisfies the requirements for Confirmation set forth in section 1191(a) of the Bankruptcy Code.

The Debtor, as the proponent of the Plan, has met its burden of proving the applicable elements of

sections 1129(a) and 1191(a) of the Bankruptcy Code by preponderance of the evidence, which is

the applicable evidentiary standard for Confirmation of the Plan.

T.      **Waiver of Stay of Confirmation Order**.  Good cause exists to waive any stay of

this Confirmation Order so that this Confirmation Order shall be effective immediately upon its

entry.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      **Objections Overruled.**   All objections, if any, with regard to the relief sought in

this Confirmation Order that have not been withdrawn, waived, settled, or otherwise resolved as

expressly provided herein or on the record at the Confirmation Hearing are hereby OVERRULED

and DENIED on the merits, with prejudice. All objections to the entry of this Confirmation Order or to the relief granted herein that were not timely filed are hereby forever barred.

2.    **Confirmation.**  As set forth in this Confirmation Order, all requirements for the Confirmation of the Plan have been satisfied. Accordingly, the Plan, as modified by this Confirmation Order, in its entirety, is **CONFIRMED** pursuant to section 1191(a) of the Bankruptcy Code. Any failure to specifically describe, include, or refer herein to any particular article, section, or provision of the Plan (or any Plan Document) in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Court that the Plan (including all Plan Documents) be approved and confirmed in its entirety. The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3.    **Vesting of Assets in the Debtor**.  On the Effective Date, pursuant to sections 1141(b) and 1141(c) of the Bankruptcy Code, all property comprising the Estate shall vest in Reorganized Debtor free and clear of all Liens, Claims, interests, charges, other Encumbrances and liabilities of any kind.  On and after the Effective Date, Reorganized Debtor may continue its operations and may use, acquire, or dispose of property, and compromise or settle any Claims, Interests, or Causes of Action without supervision or approval of the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules.

4.    **Implementation of the Plan.** Pursuant to sections 364 and 1123(a)(5)(D) of the Bankruptcy Code, on or prior to the Effective Date, or as soon thereafter as is reasonably practicable, the Debtor or Reorganized Debtor, as applicable, and any applicable non-Debtor parties, may take all actions as may be necessary or appropriate to affect any transaction described in, approved by, contemplated by, or necessary to implement the provisions of the Plan. All

Persons are prohibited from taking any action to adversely affect or interfere with the Debtor, Reorganized Debtor, and any applicable non-Debtor parties to any transaction described in, approved by, contemplated by, or necessary to implement the provisions of the Plan.

5. **Professional Fee Claims.** As set forth in <u>Section 3.1</u> of the Plan, all Professionals or other Persons requesting the final Allowance and payment of compensation and/or reimbursement of expenses pursuant to sections 328, 330, 331 and/or 503(b) for services rendered during the period from the Petition Date to and including the Effective Date shall file and serve final applications for Allowance and payment of Professional Fee Claims on counsel to the Debtor and the Subchapter V Trustee no later than the first Business Day that is thirty (30) days after the Effective Date, and with the exception that the Subchapter V Trustee may file one or more requests for payment of fees and expenses incurred prior to or after the Effective Date, and which such requests for payment may be filed no later than thirty (30) days after the Effective Date. Objections to any Professional Fee Claim must be filed and served on Reorganized Debtor and the applicable Professional within fourteen (14) calendar days after the filing of the final fee application that relates to the Professional Fee Claim (unless otherwise agreed by the Debtor or Reorganized Debtor, as applicable, and the Professional requesting Allowance and payment of a Professional Fee Claim).

6. **Modifications to the Plan.** All modifications made to the Plan and Plan Documents following the solicitation of votes thereon satisfy the requirements of section 1193(a) of the Bankruptcy Code and Bankruptcy Rule 3019(a) and do not adversely affect the treatment of any Claim or Equity Interest and, accordingly, do not require re-solicitation of votes on the Plan under section 1126 of the Bankruptcy Code, nor do they require that any holder of a Claim

or an Equity Interest be afforded an opportunity (or, for some, a further opportunity) to change previously cast acceptances or rejections of the Plan.

7.    **Effectuating Documents and Further Transactions.** The officers of the Debtor are authorized to execute, deliver, file or record such contracts, instruments, releases, indentures, and other agreements or documents and take or direct such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan in the name of and on behalf of Reorganized Debtor, without the need for any approvals, authorizations, actions, or consents except for those expressly required pursuant to the Plan.

8.    **Executory Contracts and Unexpired Leases.** Entry of this Confirmation Order shall constitute approval of the assumption or rejection, as applicable, of Executory Contracts or Unexpired Leases pursuant to the Plan, pursuant to sections 365 and 1123 of the Bankruptcy Code and as set forth in the Plan. Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or a Final Order of the Court shall re-vest in and be fully enforceable by Reorganized Debtor in accordance with its terms, except as such terms may have been modified by the provisions of the Plan, this Confirmation Order, or any Final Order of the Court authorizing and providing for its assumption.

9.    **Corporate Action.** As of the Effective Date, all actions contemplated by the Plan that require corporate action of the Debtor, and execution of all documentation incident to the Plan, shall be deemed to have been authorized, approved, and, to the extent taken prior to the Effective Date, ratified in all respects without any requirement of further action by the Bankruptcy Court, members, officers, or directors of the Debtor, Reorganized Debtor, or any other Person.

10.    **Approval of Injunctions, and Exculpations.** As set forth below in this Confirmation Order, the discharge, settlements, injunctions, and exculpations set forth in the Plan,

including those set forth in <u>Sections 7.6, 7.7, and 7.7.1</u>, (i) are appropriate and consistent with the Bankruptcy Code and applicable law, (ii) are hereby approved and authorized in all respects, and (iii) shall be immediately effective and binding on all Persons and Entities on and after the Effective Date, to the extent provided in the Plan, without further order or action of this Court or any other party.

11.      **<u>Post-Confirmation Interim Injunctions and Stays.</u>** As set forth in <u>Section 7.4</u> of the Plan:

> **All Injunctions and stays arising under or entered during the Chapter 11 Case, whether under sections 105 or 362 of the Bankruptcy Code or otherwise, and in existence on the Confirmation Date shall remain in full force and effect until the Effective Date.**

12.      **<u>Discharge of the Debtor.</u>** Pursuant to section 1191(a) of the Bankruptcy Code, on the Effective Date, the Debtor shall be discharged from any debt that arose before the Confirmation of the Plan, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, and all other debts allowed under 503 of the Bankruptcy Code and provided for in the Plan. Pursuant to § 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, or in § 1141(d)(6) of the Bankruptcy Code, the confirmation of the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete discharge effective as of the Effective Date, of all Claims against, and Equity Interests in, the Debtor or any of its assets or properties, that arose before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not: (1) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to § 501 of the Bankruptcy Code; (2) a Claim based upon such debt or right is Allowed pursuant to § 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Equity Interest has accepted the Plan. Unless expressly provided in the Plan,

the Confirmation Order shall be a judicial determination of the discharge of all Claims and Equity

Interests subject to the Effective Date occurring.

13.     **Injunction related to Discharge.** As set forth in <u>Section 7.6</u> of the Plan:

From and after the Effective Date, except as expressly provided in the Plan or the Confirmation Order, all holders of Claims or Equity Interests of any nature whatsoever against or in the Debtor or any of its assets or properties based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date that are discharged pursuant to the terms of the Plan shall be precluded and permanently enjoined from taking any of the following actions on account of, or on the basis of, such discharged Claims and Equity Interests: (a) commencing or continuing any action or other proceeding of any kind against the Debtor, Reorganized Debtor, or its or their respective property; (b) enforcing, attaching, collecting, or recovering by any manner or means of judgment, award, decree or other against the Debtor, Reorganized Debtor, or its or their respective property; (c) creating, perfecting or enforcing any Lien or Encumbrance of any kind against the Debtor, Reorganized Debtor, or its or their respective property; or (d) commencing or continuing any judicial or administrative proceeding, in any forum and in any place in the world, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. The foregoing injunction shall extend to the successors and assigns of the Debtor (including Reorganized Debtor) and its and their respective properties and interests in property. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge or termination of all Claims, Equity Interests and other debts and liabilities against or in the Debtor pursuant to sections 105, 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtor at any time to the extent such judgment relates to a discharged Claim or Equity Interest**.**

14.     **Exculpation.** As set forth in <u>Section 7.7</u> of the Plan:

**From and after the Effective Date, none of the Exculpated Parties shall have or incur any liability to, or be subject to any right of action by, any Person for any act, omission, transaction, event, or other circumstance occurring on or after the Petition Date up to and including the Effective Date in connection with, relating to or arising out of the Chapter 11 Case, the negotiation of the Plan Documents, and Injunctions, the pursuit of Confirmation of the Plan, the administration, consummation and implementation of the Plan or the property to be Distributed under the Plan, or the management or operation of the Debtor (except for any liability that results primarily from such Exculpated Party's gross negligence, bad faith, willful misconduct, or fraud). In all respects, each and all such Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under, or in connection with, the matters referenced in the preceding sentence.**

15.     **Injunction Related to Exculpation**. As set forth in <u>Section 7.7.1</u> of the Plan:

**As of the Effective Date, all holders of Claims that are the subject of <u>Article 7.7</u>, are, and shall be, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever stayed, restrained, prohibited, barred and enjoined from taking any of the following actions against any Exculpated Party on account of or based on the subject matter of such Claims, whether directly or indirectly, derivatively or otherwise: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including any judicial, arbitral, administrative or other proceeding) in any forum; (b) enforcing, attaching (including any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (c) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien or Encumbrance; and/or (d) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation that is discharged under <u>Article 7.5</u> or exculpated under <u>Article 7.7</u>; <u>provided</u>, <u>however</u>, that the injunctions set forth in <u>Article 7.7.1</u> shall not, and shall not be construed to, enjoin any Person that is the subject of <u>Article 7.7</u> from taking any action arising out of, or related to, any act or omission of a Exculpated Party that is a criminal act or that constitutes fraud, gross negligence or willful misconduct.**

16.    <u>**Notice of Confirmation Date and Effective Date.**</u> The Debtor shall serve notice of the entry of this Confirmation Order on (a) all known creditors and interest holders, and (b) those other parties on whom the Plan, and related documents were served, in the same or similar manner as service of solicitation.  Such service constitutes adequate and sufficient notice pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c). This notice, in the Debtor's discretion, may be combined with the Notice of Effective Date (as defined below).  On the Effective Date, or as soon thereafter as is reasonably practicable, the Debtor shall file with the Court a "Notice of Effective Date" (the "<u>Notice of Effective Date</u>") and shall mail or cause to be mailed by first-class mail to holders of Claims a copy of the Notice of Effective Date.

17.    <u>***Vacatur* of this Confirmation Order; Non-Occurrence of Effective Date.**</u> If this Confirmation Order is vacated or the Effective Date does not occur within 180 days after entry of the Confirmation Order (subject to extension by the Debtor in its sole discretion), the Plan shall be null and void in all respects, and nothing contained in the Plan shall (1) constitute a waiver or release of any claims by or Claims against the Debtor; (2) prejudice in any manner the rights of the Debtor, any holders of a Claim or Equity Interest or any other Entity; (3) constitute an admission,

acknowledgment, offer, or undertaking by the Debtor, any holders of a Claim or Equity Interest, or any other Entity in any respect.

18.    **Payment to Hackett**.  Devitt, as the Debtor's nominee, shall pay on behalf of the Debtor the Discounted Payoff (the lump sum payment of $100,000) to Hackett on or within sixty (60) days after the occurrence of the Effective Date of the Plan as provided by the provisions of the Hackett/Debtor/Devitt Settlement Agreement dated July 18, 2024 among the Debtor, Hackett and Devitt [D.I. 89-1] approved by Order dated August 22, 2024 [D.I. 118].  As set forth in the Hackett/Debtor/Devitt Settlement Agreement, upon the payment of the Discounted Payoff to Hackett and receipt by Hackett, the Class 5 Hackett Subordinated Claim shall be deemed paid in full and, assuming the Class 1 Hackett Priority Claim has also been paid to Hackett, there shall be no remaining obligations to Hackett under the Hackett/Debtor/Devitt Settlement Agreement, or the Amended Plan.  Within ten (10) Business Days after the Discounted Payoff is paid to Hackett, the Debtor shall file notice of this payment with the Court.  Failure to pay the Discounted Payoff as set forth herein shall be a default under the provisions of the Plan.

19.    **Plan Distributions**.  The Debtor or Reorganized Debtor, not the Subchapter V Trustee, shall make the Distributions to Creditors under the Plan.

20.    **Discharge of Subchapter V Trustee**.  Upon substantial consummation (as defined in section 1101(2) of the Bankruptcy Code) of the Plan, the service of the Subchapter V Trustee shall terminate in accordance with section 1183(c)(1) of the Bankruptcy Code.  The Debtor's filing and service of a Notice of Substantial Consummation in accordance with section 1183(c)(2) of the Bankruptcy Code shall effectuate the termination of the Subchapter V Trustee's service in this Chapter 11 Case.

21.      **Headings.** The headings contained within this Confirmation Order are used for the convenience of the parties and shall not alter or affect the meaning of the text of this Confirmation Order.

22.      **Governing Law.** Except to the extent that the Bankruptcy Code or Bankruptcy Rules apply, and subject to the provisions of any contract, instrument, release, indenture or other agreement or document entered into in connection herewith, the rights and obligations arising hereunder shall be governed by, and construed and enforced in accordance with, the laws of the Commonwealth of Pennsylvania, without giving effect to the principles of conflict of laws thereof.

23.      **Final Order.**  Notwithstanding Bankruptcy Rule 3020(e), this Confirmation Order is a final, appealable order and the period in which an appeal must be filed shall commence upon the entry hereof.

24.      **Conflicts with this Order; Controlling Document.** In the event of any conflict between the terms and provisions in the Plan (without reference to the Plan Supplement), on the one hand, and the terms and provisions in any other instrument or document created or executed pursuant to the Plan, or any order (other than the Confirmation Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), on the other hand, the Plan (without reference to the Plan Supplement) shall govern and control.  In the event of any inconsistency between the Plan and the Plan Supplement, the Plan Supplement shall control; provided, however, that in the event of a conflict between Confirmation Order, on the one hand, and the Plan or Plan Supplement or any of the other Plan Document, on the other hand, the Confirmation Order shall govern, control and take precedence in all respects.

25.    **Bankruptcy Court Jurisdiction.**    Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, except as otherwise provided in the Plan or herein, the Court retains exclusive jurisdiction over all matters arising from and relating to the Chapter 11 Case, the Plan, and this Confirmation Order to the fullest extent permitted under the Bankruptcy Code.

BY THE COURT:

Dated: October 24, 2024

_____
ASHELY M. CHAN,
CHIEF UNITED STATES BANKRUPTCY JUDGE